ALABAMA ET AL. v. UNITED STATES ET AL.

No. 166.   Argued February 21, 1929.—Decided April 8, 1929.

*Mr. Edgar Watkins,* with whom *Messrs. Charlie C. McCall,* Attorney General of Alabama, *J. Q. Smith,* Special Assistant Attorney General, and *Hugh White,* President, Alabama Public Service Commission, were on the brief, for appellants.

*Mr. E. M. Reidy,* with whom *Solicitor General Mitchell,* and *Messrs. Elmer B. Collins,* Special Assistant to the Attorney General, and *Daniel W. Knowlton* were on the brief, for appellees United States and Interstate Commerce Commission.

*Mr. Frank W. Gwathmey,* with whom *Messrs. W. A. Northcutt, Charles Clark* and *W. N. McGehee* were on the brief, for appellees Alabama Carriers.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This suit was brought by appellants to set aside an order of the Interstate Commerce Commission establishing intrastate rates on fertilizers and fertilizing material in Alabama; and to enjoin numerous railroad companies from making such rates effective. The ground of the Commission's order was that the maintenance of such intrastate rates on a lower basis than those found reasonable would result in unjust discrimination against, and undue prejudice to persons and localities in, interstate commerce.

The order of the Commission is within its general powers, *Houston & Texas Ry.* v. *United States,* 234 U. S. 342, 354–5, 358; *Wisconsin R. R. Comm.* v. *C., B. & Q. R. R. Co.,* 257 U. S. 563, 585, *et seq.;* and was made after a full inquiry. After a review of the record, the court below denied an application for a preliminary injunction. The case is still pending in the court below for final hearing, and the present appeal relates only to the interlocutory order.

Congress has manifested its solicitude that the power to grant writs of injunction against orders of the Interstate Commerce Commission shall be exercised with special care, by requiring the consideration of applications to be made by three judges and by giving an appeal directly to this Court both in the case of interlocutory orders and final decrees. *Virginian Ry.* v. *United States,* 272 U. S. 658, 672. But there is nothing in the legislation to suggest that in the exercise of the judicial power in respect of such writs pertinent principles of equity as theretofore understood, are to be disregarded or modified. It is well-

established doctrine that an application for an interlocutory injunction is addressed to the sound discretion of the trial court; and that an order either granting or denying such an injunction will not be disturbed by an appellate court unless the discretion was improvidently exercised. *Meccano, Ltd.*, v. *John Wanamaker*, 253 U. S. 136, 141; 2 High on Injunctions (4th Ed.) § 1696. And see *Rice & Adams Corporation* v. *Lathrop*, 278 U. S. 509. The rule generally to be applied in the exercise of that discretion, is stated in our recent decision in *Ohio Oil Co.* v. *Conway, post*, p. 813.

That the doctrine to be followed in reviewing such an order applies in the case of an order of a court of three judges denying an interlocutory injunction does not admit of doubt. *United Fuel Gas Co.* v. *Public Service Commission of West Virginia*, 278 U. S. 322, 326; *Chicago, G. W. Ry.* v. *Kendall*, 266 U. S. 94, 100. The duty of this Court, therefore, upon an appeal from such an order, at least generally, is not to decide the merits but simply to determine whether the discretion of the court below has been abused. See *United States* v. *Balt. & Ohio R. R. Co.*, 225 U. S. 306, 325. An examination of the record here reveals no such abuse, and we must remand the case to the court below for final disposition on the merits.

*Decree affirmed.*