283 U.S. 776 (1931)
ALABAMA ET AL.
v.
UNITED STATES ET AL.
No. 513.
Supreme Court of United States.
Argued April 28, 1931.
Decided June 1, 1931.
APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ALABAMA.
Mr. Edgar Watkins, with whom Messrs. Thomas E. Knight, Jr., Attorney General of Alabama, Hugh White, President, Alabama Public Service Commission, and Mac Asbill were on the brief, for appellants.
Mr. Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, with whom Mr. E.M. Reidy, Assistant Chief Counsel, was on the brief, for the Interstate Commerce Commission, appellee.
Mr. Frank W. Gwathmey, with whom Messrs. W.N. McGehee and W.A. Northcutt were on the brief, for Alabama Carriers, appellees.
Solicitor General Thacher submitted for the United States.
*777 MR. JUSTICE BRANDEIS delivered the opinion of the Court.
This suit was brought under the Act of June 18, 1910, c. 309, 36 Stat. 539, as amended by Urgent Deficiencies Act of October 22, 1913, c. 32, 38 Stat. 208, 219, in the federal court for the northern district of Alabama. That State and its Public Service Commission seek to set aside the order of the Interstate Commerce Commission issued October 3, 1927, and modified on December 22, 1927, by which the Atlantic Coast Line Railroad and other steam carriers were required to establish and maintain intrastate rates in Alabama for fertilizers and fertilizing material not lower, for corresponding distances, than the interstate rates theretofore prescribed by the Commission. Fertilizers and Fertilizer Materials Between Southern Points, 113 I.C.C. 389; 123 I.C.C. 193; 129 I.C.C. 215. The United States and the carriers were made defendants. The Commission intervened. The decree of the District Court denying an application for a preliminary injunction was affirmed by us, at the October Term, 1928, on the ground that the order was within the general powers of the Commission; that it had been made upon full enquiry; and that the court was not shown to have abused its discretion in denying interlocutory relief. We accordingly remanded the case to the lower court for final disposition on the merits, 279 U.S. 229. The case was then heard on final hearing by three other judges on precisely the same evidence; and they dismissed the bill, 42 F. (2d) 469. The case is now here on direct appeal from the final decree.
The order complained of was entered in an extensive investigation, instituted by the Interstate Commerce Commission on its own motion in 1924, into the rates on fertilizers and fertilizer material in the southern territory.[1] With that proceeding there was consolidated, among others, a complaint theretofore filed by steam railroads *778 operating in Alabama, charging that the State Commission had entered an order which required them to establish intrastate rates on fertilizers and fertilizer material lower than those permitted or required by the interstate traffic; and that the observance by the carriers of the order of the Alabama Commission would result in unjust discrimination against interstate commerce and in undue prejudice to persons and localities in interstate commerce.[2] The Alabama Commission refused to permit the intrastate rates to be increased to the level which the federal Commission found to be necessary to prevent such discrimination, whereupon the order challenged was entered.[3] It is contended that this action was arbitrary; *779 that there was not a full hearing; that the issue determined was not the issue pleaded or heard; that there was no finding showing a competitive relationship of any rates interstate with any rates intrastate and no definite finding justifying the regulation of all intrastate rates; that there was no evidence to sustain any such findings; and none to sustain the finding and order which prescribed like rates for joint and single line hauls; and, finally, that the rates prescribed intrastate are not in harmony with the interstate rates.
The findings of the Interstate Commerce Commission are definite; they afford a sufficient basis for the order; and they are supported by evidence. None of the objections of the appellant is well taken. The comprehensive investigation of the Interstate Commerce Commission appears to have been conducted with great care and thoroughness.[4] The Alabama Commission, as well as the regulatory *780 bodies of five contiguous States, were represented at the hearings and took an active part in developing the record. A report proposed by the Examiner was served upon their counsel who took exceptions which were considered by the Commission. Some modification was made in the report. All the objections to the order now urged were twice presented to, and passed upon by, the District Court. They were, in part, considered by this Court on the appeal from the decree denying an interlocutory injunction. Nothing could be gained by further discussion. The decree of the District Court is
Affirmed.
NOTES
[1] Both the interstate and intrastate rates on these commodities, of which two-thirds of the total United States production is used in the southern territory (113 I.C.C. 392), had theretofore been before the Commission in a great many cases. See Royster Guano Co. v. Atlantic Coast Line R. Co., 31 I.C.C. 458; 38 I.C.C. 190; 50 I.C.C. 34; Freight Adjustment Steering Committee v. Same, 53 I.C.C. 506; Goldsboro Chamber of Commerce v. Same, 91 I.C.C. 315. Compare Mount Pleasant Fertilizer Co. v. Louisville & Nashville R. Co., 50 I.C.C. 253; Meridian Traffic Bureau v. Southern Ry. Co., 60 I.C.C. 5, 24; Meridian Rate Case, 66 I.C.C. 179, 186; Fertilizer to Montezuma, 74 I.C.C. 657; Fertilizers from New Orleans, 100 I.C.C. 64. See also Fertilizer Rates in South Carolina, 147 I.C.C. 178.
[2] Similar petitions were filed by the carriers seeking relief from intrastate rates prescribed by the South Carolina and Georgia commissions on these commodities. 113 I.C.C. 391. Compare Fertilizer Rates in South Carolina, 147 I.C.C. 178, 179.
[3] The procedure was substantially the same as that in Georgia Public Service Comm. v. United States, ante, p. 765. No order concerning intrastate rates was entered in the original proceedings because it was "believed that the respective State commissions will cooperate in authorizing such revisions as may be necessary." 113 I.C.C. 435. Thereafter the railroads operating in Alabama petitioned the state Commission to establish intrastate rates in harmony with the interstate rates established by the federal Commission. This relief was denied on July 18, 1927. On September 3, 1927, these same carriers requested the federal Commission to enter an order raising the intrastate rates on these commodities in Alabama. On the basis of its former hearings and findings, the Commission issued, without further hearing, the order here attacked. It was also stipulated that a general petition for rehearing was filed by the Alabama Commission after the announcement of the findings in the original investigation.
[4] The present case differs from Georgia Public Service Comm. v. United States, supra Note 3, in that the question of discrimination against interstate commerce was examined only in the initial hearing and not also in a supplemental hearing. In the original hearing and report, the percentage of intrastate as against interstate traffic, the similarity in transportation conditions, the location of interstate and intrastate shippers, and the reasons for and against the allowance of joint-line differentials were thoroughly canvassed. Whether such differentials should not be allowed in rates on fertilizers, a relatively high value commodity, even though they are permitted, as in the Georgia case, on low value commodities, is a matter wholly within the informed discretion of the Commission, provided the question was considered and appropriate findings, supported by evidence, were made. Georgia Public Service Comm. v. United States, supra