## INDEPENDENT CHEESE CO. et al. v. KRAFT PHENIX CHEESE CORPORATION.

### No. 4712.

Circuit Court of Appeals, Seventh Circuit.
March 18, 1932.

Albert F. Mecklenburger and Arthur B. Seibold, both of Chicago, Ill., and Oscar T. Toebaas, of Madison, Wis., for appellants.

Cyril A. Soans, Erwin P. Snyder, and Charles S. L. Hurt, all of Chicago, Ill., for appellee.

Appellee brought suit in the Western District of Wisconsin to enjoin the further infringement of several patents and to recover damages sustained by reason of past infringements of the claims involved. It moved for a temporary injunction pendente lite and supported its application by numerous affidavits. Appellants opposed the motion by affidavits and arguments. The motion was granted, and the injunctional order was entered. From this order, appellants appeal.

Before EVANS and SPARKS, Circuit Judges, and WHAM, District Judge.

EVANS, Circuit Judge.

Upon an appeal from a preliminary injunctional order, such as the one before us, our study of the record is limited in its scope. No exercise of discretion on our part is involved. It is the exercise of judicial discretion by the District Court which is the subject of review. If its discretion was not abused, or stating it differently, if its discretion was not improvidently exercised, its injunctional order will not be reversed upon appeal. Alabama v. United States, 279 U. S. 229, 230, 49 S. Ct. 266, 73 L. Ed. 675.

Notwithstanding the vigorous and somewhat impressive assault which appellants' counsel make on all the patents in suit, they labor, we believe, under a mistaken notion of this court's duty on appeals of this character. The District Court has not disposed of the question with any finality. Its order may at any time be modified or vacated. Appellants' strong reliance upon the recently decided case by the English Privy Council, which held invalid certain patents almost identical with the ones under consideration, may be called to the District Court's attention upon a motion to modify its order.

There are at least two good reasons why the order in this case should not be set aside on appeal.

The parties could have litigated the case on its merits without much delay, and one appeal, instead of two, would have settled the questions presented by the attack on the validity of the patents.

Moreover, persuasive support for the injunctional order is to be found in the fact that the more important claims in these same patents were fully contested in another suit tried by the same judge and decided by him in favor of appellee. The infringer in that suit, though amply able to prosecute his appeal, acquiesced in the decree.

Under these circumstances, we find ourselves not disposed to disturb the discretionary order made by the District Court, nor to pass upon the validity of the claims until all the evidence is before us.

There may be cases where a patent's invalidity is apparent on its face, in which case the appellate court should set aside a temporary injunctional order to restrain its infringement, as an abuse of discretion by the trial court. But the patents (at least the important one before us) are not of that class. Then, too, the District Courts generally refuse to issue injunctional orders in contested cases, unless there has been some adjudication upholding the validity of the patent. But here again the instant case differs from the supposititious one, for these patents have been sued on, contested, and upheld after full hearing. Nor are we prepared to say that discretion has been abused in all cases, where injunctional orders were issued without a showing that the patent had secured judicial approval in a contested case.

The order is affirmed.