### BRADFORD v. HURT et al.
### No. 8108.

Circuit Court of Appeals, Fifth Circuit.

June 24, 1936.

Gordon Simpson, of Tyler, Tex., and Esmond Phelps, of New Orleans, La., for appellant.

Robt. L. Hurt, of Childress, Tex., and W. F. Clark, of Dallas, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The appeal is from an order refusing an interlocutory injunction. Ordinarily on such an appeal the only question for consideration is whether discretion has been abused. Rogers v. Hill, 289 U.S. 582, 53 S.Ct. 731, 77 L.Ed. 1385, 88 A.L.R. 744; Alabama v. U. S., 279 U.S. 229, 231, 49 S.Ct. 266, 73 L.Ed. 675; Butler v. D. A. Schulte, Inc. (C.C.A.) 67 F.(2d) 632;

Douglass v. Pan-American Bus Lines (C. C.A.) 81 F.(2d) 222; Griswold v. President of United States (C.C.A.) 82 F.(2d) 922. Sometimes, however, the bill so plainly fails to state a case for the equitable jurisdiction of the District Court as that the court should say so and order its dismissal. Meccano, Limited, v. John Wanamaker, N. Y., 253 U.S. 136, 40 S.Ct. 463, 64 L.Ed. 822.

This is a case of that kind. The bill alleges that for the purpose of establishing at Dallas, Texas, a dog racing track, and a pari-mutuel betting system in connection with it whereby persons might bet and wager upon the outcome of the races, plaintiff has acquired a site, has commenced preparations, and has expended and will expend large sums of money. That though there is no law in Texas forbidding such operation or making it criminal, the respondents, the criminal district attorney and the sheriff of Dallas county, claiming that the proposed pari-mutuel gambling system is forbidden by state laws, are threatening to institute criminal prosecution and injunction proceedings in the state courts to prevent its operation. That unless they are restrained from doing so the suits and prosecutions they will institute will completely and effectively deprive him of his property without due process of law, in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States.

Plaintiff alleges that during the current year there is to be held in the city of Dallas a Centennial Exposition which large numbers of people will attend, affording his establishment an unusually heavy volume of patronage if he is permitted to operate. That because of these threatened suits and prosecutions he is without an adequate remedy at law, and will suffer irreparable injury unless, under the injunction he prays for, he "is permitted freely and without interference to proceed with the operation of his dog racing track, grand stand and wagering establishment." Respondents, on motion to dismiss and by answer insist that there is no equity in plaintiff's bill. Affirming that the establishment of a "pari-mutuel betting system in connection with a dog racing track, whereby persons might bet and wager upon the outcome of the races" is prohibited by the criminal and civil statutes of Texas, they point out that if

it is not, plaintiff has a complete defense to any suit or prosecution they may bring. They declare, and it is admitted, that they do not intend to interfere with plaintiff's operation of a dog racing track unless and until he provides and maintains there a device or system for gambling, towit, a pari-mutuel system for gambling, betting, and wagering on the races. But they will proceed in court, as provided by the statutes of Texas, civil and criminal, if and when as he alleges he intends to do, plaintiff sets up and operates a gambling establishment at his race track. They therefore urge that neither is plaintiff without adequate remedy at law, nor will he sustain any injury of which equity will take cognizance.

██ It is settled law in the federal courts that an injunction will not issue to restrain the action of officers of a state upon the mere ground that they are acting unconstitutionally. Matthews v. Rogers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447; Stratton v. St. L. S. W. R. Co., 284 U.S. 530, 52 S.Ct. 222, 76 L.Ed. 465; Yarnell v. Hillsborough Packing Co. (C. C.A.) 70 F.(2d) 435; Pape v. St. Lucie Inlet Dist. (C.C.A.) 75 F.(2d) 865, 869. Especially will a federal equity injunction not issue merely to prevent the bringing of suits in a state court. Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796; Northport Co. v. Hartley, 283 U.S. 568, 51 S.Ct. 581, 75 L.Ed. 1275; or the enforcement of criminal statutes claimed to be unconstitutional. Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322. To justify such interference there must be exceptional circumstances, a clear showing of the existence of a right, and a really threatened irreparable injury to it which requires injunctive relief. Here all that is claimed is that the defendants will proceed by a suit for injunction, and by criminal prosecution in the state court to enforce the laws of Texas against gambling, defendants claiming and plaintiff denying, that there are laws specifically prohibiting the kind of gambling establishment plaintiff expects to run.

██ Plaintiff insists that though a gambling operation, the system he proposes to maintain is not prohibited by Texas penal laws. In support of this he relies on article 3 of the Texas Penal Code providing that "no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State." He relies, too, on Thomas v. State, 91 S.W.(2d) 716, an opinion of the Texas Court of Criminal Appeals, that Penal Code, art. 625, the general antigambling statute, does not apply to the operation of a pari-mutuel system of betting on horse races, and on All Texas Racing Association v. State, 82 S.W.(2d) 151, an opinion of the San Antonio Court of Civil Appeals, that a pari-mutuel wagering establishment in connection with a dog racing track is not enjoinable as a gambling nuisance.

Defendants insist that the Thomas Case is not at all in point. It turned, they say, on the construction of statutes applicable to pari-mutuel betting on horse races. They point out, too, that the All Texas Racing Association Case, while in point, is directly in conflict with Hurt v. Oak Downs, Inc., 85 S.W.(2d) 294, Texas Civil Appeals, Dallas, and that the Supreme Court of Texas has granted writs of error in both, but has not decided either. They insist that in these circumstances for a federal court to issue the injunction prayed for would be in effect for it to grant a license to operate an admitted gambling establishment on the ground that whether such establishment is directly prohibited by some specific law of Texas is uncertain and in dispute.

Federal courts do not issue injunctions except in support of clearly established property rights, and then only when there is no adequate remedy at law, and their issuance is necessary to prevent irreparable injury.

We are not concerned here to determine the effect of the decision of the Court of Criminal Appeals in the Thomas Case, nor which of the two Texas Courts of Civil Appeals has correctly construed the antigambling laws. It is sufficient for us to conclude, as we do, that plaintiff's bill is wholly wanting in equity, in that it does not show a clearly established constitutional right, either under general principles or under the laws of Texas, to run in Texas a gambling establishment, to wit, a place for the promotion of betting, wagering, and gambling on dog races. Further, while in effect invoking federal judicial license and protection, the bill does not show that the right, if any, plaintiff has to run his establishment may not

be fully asserted in any court proceeding the defendants may elect to bring against him.

The order denying the temporary injunction is affirmed, with directions to dismiss the bill for want of equity.