## MEYERS v. BENNETT et al.

District Court, S. D. New York.

Sept. 9, 1937.

Archibald Palmer, of New York City, for complainant.

John J. Bennett, Jr., Atty. Gen., of New York (Henry Epstein, Sol. Gen., of Albany, N. Y., and John F. X. McGohey, Colin McLennan, and John C. Crary, Asst. Attys. Gen., of counsel), for defendants, John J. Bennett, Jr., and John A. Warner.

George V. Dorsey, Dist. Atty., of New City, N. Y., for defendant George V. Dorsey.

Walter McDermott, of Nyack, N. Y., for defendants Edward C. Dormann, Sheriff of Rockland County, and Frederick Kennedy, Chief of Police of Town of Orangetown, Nyack, N. Y.

PATTERSON, District Judge.

The bill is brought to enjoin state officers from arresting the plaintiff and from interfering with his operations in racing dogs. The defendants have moved to dismiss the bill as insufficient on its face.

The suit is not based on alleged constitutional rights of the plaintiff. The jurisdiction of this court comes from diversity of citizenship, the bill stating that the plaintiff is a citizen of New Jersey, that the defendants are citizens of New York, and that more than $3,000 is in controversy. For his cause of action the plaintiff alleges that some months ago he made arrangements for the use of the Rockland County Fair Grounds for dog races; that he spent $10,000 in improving the grounds, $3,000 in advertising, $2,000 for tickets, stationery, and so on; that he has employed 150 persons in the enterprise; that he makes contracts with the owners of dogs for their exhibition at his track, taking transferable options to purchase the dogs; that at the exhibitions he transfers his options to various option holders who have the right to purchase the dogs, the method being known as the "option system"; that on. July 24, 1937, after some exhibitions had been held, police officers, acting under instructions of the defendant John J. Bennett, Jr., Attorney General of the State of New York, arrested the plaintiff for bookmaking in violation of section 986 of the New York Penal Law, Consol.Laws, c. 40, as amended by Laws 1934, c. 233, § 4, prevented him from further operating his track under the option system, and informed him that if he continued to operate under that system he would be arrested again and his employees would also be arrested. The claim is made that the New York statutes, properly construed, do not declare bookmaking on dog races to be a crime; that while section 986 seems at first sight to apply to such a case, an amendment enacted in 1934 made that section inapplicable to cases where another penalty is provided by law; that other penalties are provided by law in that section 990 of the Penal Law makes the winner or loser of a bet of more than $25 liable to fine of not less than five times the amount won or lost, to be recovered in civil action for the benefit of the poor, and in that section 994 provides that any person paying money on a bet may recover it. It is also alleged that the option system practiced by the plaintiff does not in fact constitute gambling or betting; that the defendants are threatening to commit irreparable injury to the plaintiff's property, for which the plaintiff has no adequate remedy at law. By reason of the premises the plaintiff demands an injunction restraining the defendants from arresting him or his employees and from interfering with the operations of his business.

From the matters pleaded in the bill the plaintiff does not claim that the New York statutes relative to bookmaking at dog races are unconstitutional. His alleged grievance is that the state officers have misconstrued the statutes and are attempting to apply the processes of criminal law to activities that are not criminal offenses.

It is the rule that a court of equity will not enjoin or give relief against criminal proceedings, but will leave the aggrieved party to present his facts and his arguments as a defense to the criminal prosecution. In re Sawyer, 124 U.S. 200, 8 S.Ct. 482, 31 L.Ed. 402; Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535. There is an exception where property rights are invaded. Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L. Ed. 570. To bring his case within the exception, however, the plaintiff must make a clear showing of a property right and of threatened irreparable injury to the right. Bradford v. Hurt, 5 Cir., 84 F.2d 722. This is particularly the case where the plaintiff's claim is not that the statute under which prosecution is threatened is invalid, but merely that the defendants have misconstrued its meaning and are seeking to have it applied to a situation not within its scope.

The present bill is more specific in pleading irreparable damage than was the bill in Reed v. Lehman, 91 F.2d 919, decided by the Circuit Court of Appeals of this circuit on August 24, 1937, and it will be assumed that enough is pleaded as to this element. But the bill does not make a clear showing of a right to conduct bookmaking on dog races.

The plaintiff pleads that the state statutes taken together do not declare bookmaking at dog races to be a misdemeanor. In view of the statutes set forth in the bill, however, no adequate showing to that effect can be made. Section 986 of the Penal

Law declares that bookmaking on the results of races by beasts is a misdemeanor. The plaintiff's argument starts with the proviso making the section inapplicable where "another penalty" is provided by law. It is said that section 994, permitting anyone who loses money on a bet to recover it, is "another penalty," since section 17 of the Racing Law enacted in 1934, Laws N.Y.1926, c. 440, § 17, as added by Laws 1934, c. 233, § 1, in speaking of penalties mentions section 994. But prior to 1934 section 994 had always been regarded as remedial rather than penal, People v. Stedeker, 175 N.Y. 57, 67 N.E. 132, and it is surely arguable that the rather incidental reference to section 994 in a later act was not intended to change its character. It is also said that section 990, making the winner or loser of $25 or more at betting liable to a fivefold fine in a civil action for the benefit of the poor, creates "another penalty." But there is room for controversy whether bookmaking and betting are not distinct matters, and whether section 990 does not penalize something else than professional bookmaking. It is thus manifest that the true construction of the New York statutes bearing on bookmaking at dog races is a matter by no means free from uncertainty, and that the plaintiff in his bill has not made a clear showing of a property right. The place for him to make his arguments concerning the proper meaning and effect of the statutes on bookmaking is in the state court, in defense of the criminal proceedings brought against him there. This case cannot be distinguished from Bradford v. Hurt, supra, where a bill to enjoin Texas officers from starting criminal prosecution for betting at dog races was dismissed for want of equity, the law of Texas being in a state of uncertainty.

The defendants also moved to dismiss on the ground that a prior suit between the same parties raising the same issues had been determined against the plaintiff. Under the Equity Rules the defense of former adjudication must be taken by answer and not by motion to dismiss, unless the bill presents the record in the earlier case. Keown v. Hughes, 1 Cir., 265 F. 572. Here there is nothing in the bill to show that any prior suit had been brought. This objection to the bill therefore cannot be entertained.

The motion to dismiss the bill for want of equity will be granted. Settle order on two days' notice.