## FEDERAL TRADE COMMISSION v. THOMSEN–KING & CO., Inc., et al.
### No. 7196.

Circuit Court of Appeals, Seventh Circuit.
Feb. 1, 1940.

Robert J. Folonie, Lewis F. Mason, and John A. Nash, all of Chicago, Ill., for appellants.

W. T. Kelley, Chief Counsel, of Washington, D. C. (Curtis Shears, of Washington, D. C., of counsel), for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

This is an emergency motion by defendants, for supersedeas, pending appeal from an order of the District Court granting a preliminary injunction restraining defendants from disseminating false advertisements therein set forth.

The Federal Trade Commission instituted the suit pursuant to the statute which provides (Title 15 U.S.C.A. § 53):

"(a) Whenever the Commission has reason to believe—

"(1) that any person, partnership, or corporation is engaged in, or about to engage in, the dissemination or the causing of the dissemination of any advertisement in violation of section 52 of this title, and

"(2) that the enjoining thereof *pending the issuance of a complaint* by the Commission under section 45 of this title, and until such complaint is dismissed by the Commission or set aside by the court on review * * * the Commission * * * may bring suit in a district court * * * to enjoin * * * the dissemination of such advertisement."

The complaint filed by the Federal Trade Commission (January 8, 1940) is a lengthy one wherein it alleges that an injunction is necessary to prevent false advertising, the sale of cosmetics through a puzzle promotional scheme, which contemplated the purchase by the contestants of a quantity of cosmetics for which they would have no use, and which could not be resold without loss, and which were of inferior quality. The company's plan, so it is alleged, was initiated by a "puzzle" for which a prize of $50 would be paid for a successful solution. On the contestant's sending in his solution, he was notified that his entry passed a preliminary check-up and was before the final judges, and that if three dollars were sent the participant would receive five dollars worth of cosmetics, and if a "promptness prize blank" were returned within a designated time, there would be a chance to win a $1,250 cash prize and a Buick car, or a total cash prize of $2,750.

The Commission charges that defendant corporation is but a reincarnation of a former corporation which promoted the identical sort of sales scheme, and which corporation dissolved in a short time, to be succeeded by another corporation, all of its practices being for the purpose of avoiding the provisions of the Federal laws, and more particularly of evading the reach of the arm of the Federal Trade Commission.

The complaint was supported by affidavits of its attorney, in re activities of predecessor companies, and of persons deceived by former companies.

Notice of application for the temporary injunction was served upon the appellants who filed their appearances three days later. On the same day the District Court issued its order for preliminary injunction, from which an appeal is here taken, and pending the hearing and determination of which, the instant motion for supersedeas is directed. The order was predicated upon findings of fact: (a) dissemination of false advertisements for the purpose of inducing the purchase of cosmetics; (b) such advertisements, unless stopped, will cause immediate and irreparable injury to the public.

Appellants challenge the soundness of the order on the ground that the alleged false advertisements are not stated to be in regard to the commodities sold, but as to extraneous matters; that the supporting affidavits do not concern the instant corporate defendant; there is no showing that any member of the public had been misled; the injunction will work irreparable injury to the defendants; the section of the Act permitting the issuance of this injunction is unconstitutional because defendants are deprived of due process having no hearing; no showing of injury to the public health; the District Court erred in failing to give the defendants an opportunity to answer.

Defendants are not in a position to assert the full strength of their fact protestations. In other words, they are attacking an order which is supported by a sworn complaint and sustaining affidavits, without anything on their side to dispute the facts therein set forth. Their fact assertions are not supported by pleading or affidavit.

■ Reversal of a temporary injunctional order involving discretion necessitates a clear abuse showing. [1]

■ A temporary injunctional order will ordinarily be affirmed if the controversy is factual and disputed.

Defendants contend that their application for a supersedeas presents a question quite different from that raised on an appeal from a temporary injunctional order. This may be so in the general run of appeals, but in the instant case we have a peculiar situation. The lifting of the injunction, if we accept the plaintiff's statement of facts as true, will effectually defeat the purpose of the suit. Theoretically the litigation may be continued, but the value of the decision will be purely academic.

We have then a factual situation where allegations are made on one side upon which the court made its finding with no factual dispute by the defendants. Defendants assert they were not permitted to offer any defense. They assert the District Court "shut them off" "without a hearing."

This charge is unsupported by the record. There is nothing to show that they asked for more time within which to file an answer or to submit affidavits. Moreover, they could have applied for a modification of the order and presented their evidence together with their verified answer. They have seen fit to present their request for a supersedeas to this court, upon a record which leaves the plaintiff's statement of facts undisputed.

Defendants argue, however, that accepting these facts the plaintiff still was not entitled to the relief granted, for the reason that the district judge's jurisdiction in the matter is statutory and restricted to matters specifically covered by the statute. In other words, accepting the plaintiff's version of the facts, defendants challenge the District Court's jurisdiction to issue an injunction before the Federal Trade Commission had issued its complaint against defendants, asserting dissemination of false advertisements.

■ We are unable to accept defendants' view that the court's jurisdiction under section 53(a) (2) is dependent upon the pendency of proceedings before the Federal Trade Commission. Subsection (2) was written for a purpose which was to prevent the ineffectuality of proceedings before the Commission due to the offender's collecting the spoils incident to improper practices and liquidating or dissolving before the Commission can put a stop to its unfair practices.

[1] Alabama v. United States, 279 U.S. 229, 49 S.Ct. 266, 73 L.Ed. 675; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 52, 58 S.Ct. 459, 82 L.Ed. 638; Gibbs v. Buck, 307 U.S. 66, 76, 59 S.Ct. 725, 83 L.Ed. 1111; Independent Cheese Co. v. Kraft Phenix Cheese Corp., 7 Cir., 56 F.2d 575.

As we construe the expression "pending the issuance of a complaint" in subsection (2), it means that in the interim between "the causing of the dissemination of an advertisement" in violation of section 52 of Title 15 .U.S.C.A., and the action of the Commission, the latter may institute suit in the District Court to enjoin the dissemination of such advertisement. The effectiveness of the Commission's action might be defeated unless this authority to invoke the District Court's jurisdiction were given. It is a necessary part of the plan to prevent fraud and fraudulent commerce through fraudulent advertisements.

The other objections to the decree advanced by appellants to justify the issuance of a supersedeas until the appeal could be heard are all predicated upon factual bases. For example, it is stated that the advertisements complained of are not in regard to the sale of cosmetics but to the printing of a puzzle and of prize offerings for its solution, which prize offering gave the recipient the opportunity of a chance of securing an automobile.

Plaintiff's complaint and affidavits, however, show these advertisements were but a part of a plan to enlist the interest of the public in the subsequent advertisements which were to deal with a contest where the winners were to be given prizes and these prizes were to be won by holders of certificates showing purchases of cosmetics. The first advertisement was merely to secure the names of prospective customers, somewhat derisively described in the affidavit as a "sucker list." The complaint alleges that defendants' efforts were successful, and a list of 330,000 was promptly obtained, to be increased when the final returns were "all in."

We are satisfied that none of the other objections advanced by appellants justifies the granting of the supersedeas. Only one will be given specific, though brief attention.

Appellants claim that their damages will be irreparable. This statement is justified by the disclosed facts. Plaintiff, on the other hand, asserts that if the injunction be lifted, the damage to the public will also be irreparable. Its statement is likewise fairly supported by the facts. In other words, the injunction will interrupt defendants' business for the period of its continuance. On the other hand, if the injunction be lifted until the appeal can be heard on its merits, the defendants will have extracted several millions of dollars from the more than 330,000 prospective buyers. The money will be obtained on the offer of a chance to win prizes although ostensibly the transaction deals with the sale of cosmetics. The amounts of the sales of cosmetics are not related to an ordinary person's needs, and are not affected by the absence of quality of the cosmetics.

Under the circumstances, we are to balance the gains and losses, and as we record the score, continue or lift the injunction in question. The vote is not even close. Our conclusion is in favor of continuing the injunction and denying the motion for supersedeas. In other words, defendants' losses through the interference (or destruction) of their business is not of such a character as to invite preventive orders by a court of equity who has no duty, irrespective of the Federal Trade Act, to protect illegitimate profits or advance business which is conducted by unfair business methods.

The application for a supersedeas is denied.