SIMS, Auditor and Ex-Officio Ins. Com'r of West Virginia, et al. v. CENTRAL TRUST CO.

In re FIDELITY ASSUR. ASS'N.

SIMS, Auditor and Ex-Officio Ins. Com'r of West Virginia, et al. v. MOORE, District Judge.

Nos. 4845, 4858.

Circuit Court of Appeals, Fourth Circuit.

Oct. 21, 1941.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

J. Campbell Palmer, III, of Wheeling, W. Va., and Clarence W. Meadows, Atty. Gen. of West Virginia Ira J. Partlow, Asst. Atty. Gen. of West Virginia, on the brief), for appellants and petitioners.

H. Vernon Eney, of Baltimore, Md. (Guy B. Brown, of Baltimore, Md., on the brief), for John B. Gontrum, Ins. Com'r of Maryland, as amicus curiae.

Raymond Huwe, of Cincinnati, Ohio (John J. Rivers, of Cincinnati, Ohio, on the brief), for Ohio-Kentucky-Indiana Creditors Committee and another as amici curiae.

Homer Kripke, of Washington, D. C., Atty. Securities and Exchange Commission (Chester T. Lane, Gen. Counsel, and Justin N. Reinhardt and Seymour J. Rubin, Attys., all of Washington, D. C., on the brief), for Securities & Exchange Commission.

Hillis Townsend and T. C. Townsend, both of Charleston, W. Va. (W. J. Thompson, of St. Albans, W. Va., on the brief), for appellee and respondent.

PER CURIAM.

On June 6, 1941, the Fidelity Assurance Association filed in the court below a petition as debtor under chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. By order entered on the same day the petition was approved and Central Trust Company was appointed trustee, and receivers appointed by a state court in West Virginia and receivers appointed in other states were directed to turn over to the trustee all assets of the debtor in their possession and were enjoined from interfering with the possession of the trustee or from disposing of any of the assets in their possession. This order was modified on June 10th so as to extend its mandate and injunction to the insurance commissioners of a number of states named. The West Virginia receivers and the auditor, who is ex-officio insurance commissioner of that state, immediately appealed

to this court. On August 9th, the court below modified the orders of June 6th and June 10th by eliminating therefrom the "turn over" provisions so that they merely enjoined the receivers and insurance commissioners from "selling, assigning, concealing, encumbering, transferring or otherwise disposing of or affecting" any of the assets of the debtor in their possession. The order making the modification shows clearly that the order granting the injunction is intended to be a mere interlocutory order and not to make any adjudication of the questions raised with respect to the jurisdiction or power of the court or any other questions raised in the court below.

The West Virginia receivers and the auditor of the state of West Virginia ask us to rule on this appeal that the court below was without power to make any order affecting the assets in their possession. They admit at the bar of this court, however, that they have raised a number of other questions in the court below going to the question of jurisdiction, including the question as to whether the debtor is not an insurance corporation, upon which much evidence has been taken. The record upon this appeal is sketchy and fragmentary and presents no adequate basis upon which we can satisfactorily determine the nature of debtor's business or the terms and conditions upon which deposits of assets were made with state auditors, and, although receivers and state officers of a large number of states are affected by the order, only those from West Virginia are parties to the appeal. We feel that we should not pass upon any of the complicated and delicate questions involved in the case, in which parties not before the court are vitally interested, upon an appeal from a mere interlocutory injunction and upon the inadequate record now available, but should await the completion of the hearing in the court below, at which time it will be possible to consider the questions upon an adequate record and avoid a fragmentary hearing on the question of jurisdiction. We shall accordingly affirm the order appealed from, in application of the well settled rule that the granting or denying of an interlocutory injunction is a matter resting in the sound discretion of the court below, and that an order granting or denying same will not be disturbed upon appeal unless the discretion has been improvidently exercised. South

Carolina Power Co. v. South Carolina Tax Comm., 286 U.S. 525, 52 S.Ct. 494, 76 L.Ed. 1268, Alabama v. United States, 279 U.S. 229, 231, 49 S.Ct. 266, 73 L.Ed. 675; United Fuel Gas Co. v. Public Service Comm., 278 U.S. 322, 326, 49 S.Ct. 157, 73 L.Ed. 402. This affirmance, of course, will be without prejudice to the rights of appellants or any other parties to the proceeding in the court below with respect to any question there pending.

The application for writ of prohibition is wholly without merit and is denied. See Wayne United Gas Co. v. Owens-Illinois Glass Co. 300 U.S. 131, 136, 57 S.Ct. 382, 81 L.Ed. 557.

No. 4845 affirmed.

No. 4858 petition denied.