## GAINES DRY CLEANERS, Inc., v. CITY OF CHICAGO.

No. 7747.

Circuit Court of Appeals, Seventh Circuit.

Oct. 22, 1941.

Edward M. Keating, of Chicago, Ill., for appellant.

Jacob Shamberg and Martin H. Foss, both of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

We here consider an appeal from a decree which denied plaintiff's application for a temporary injunction. The relief sought by plaintiff was an order restraining the City's officials from interfering with or molesting it in its conduct of a dry cleaning plant located at 4631-49 Cottage Grove Avenue in said City of Chicago.

A primary issue is the scope of review by a Federal appellate court of an interlocutory order, denying a temporary injunction against a municipality in a suit which seeks to curb or control the action of municipal administrative authorities. It seems that sound reasons back the innumerable judicial holdings which hold that almost all cases, and particularly suits like this one, which deal with control of action of municipal officers, involve discretionary actions by the trial court which are not reviewable by appellate courts save for abuse of discretion.

It will not be necessary to go into detail in stating the facts upon which the instant denial order is predicated. The record on this appeal consists solely of pleadings and

affidavits. No oral evidence was received. After a reference to a master, a report was filed wherein he recommended a denial of an injunction. The court adopted the report and recommendation of the master, and the order appealed from, was entered.

Plaintiff, a Delaware corporation, was organized May 9, 1941, to succeed the Klever-Shampay Company, whose dry cleaning business had been closed by the Chicago municipal authorities, April 28, 1941. The K. Company had been in operation since 1924. It was closed by order of the mayor partly on instigation of the state's attorney because one of its stockholders was a fugitive from justice and another stockholder had a criminal record, and, therefore, the corporation could not comply with a city ordinance which required a person operating a cleaning establishment to be of good moral character. Other reasons were also advanced by the City for its action.

The city police actually closed the plant on the order of the Board of Health, which had investigated the premises, and had found twenty-five violations of the city ordinances, so they asserted.[1]

Plaintiff herein, the successor in title and interest, applied for, but was denied, a license to do cleaning business. This bill for injunction in the court below was the result. The new company was a foreign corporation, and it sought relief in the Federal court.

The president of plaintiff was Sam Gaines (also known as Ginsburg). He holds sixty-six shares in plaintiff company. He was indicted with Murray Humphreys in 1933 but was a fugitive from justice during the trial. Emanuel Ginsburg (holder of thirty-three shares) was a shareholder in the old and new company. Rella Ginsburg (holder of one share) took the place of Murray Humphreys as a stockholder in the new company.

In affirming the trial court's denial of a temporary injunction we will merely enumerate the bases for our judgment. The legal propositions are so well established they need no further elaboration.

■ (1) The granting or denial of a temporary injunction is not reviewable except for abuse of discretion. Alabama v. United States, 279 U.S. 229, 49 S.Ct. 266, 73 L.Ed. 675; Independent Cheese Co. et al. v. Kraft Phenix Cheese Corp., 7 Cir., 56 F.2d 575.

■ (2) A Federal court will rarely interfere, through temporary (or permanent) injunction, with the conduct of municipal government by the city's administrative officers. This general rule finds its strictest application in cases where the order sought would regulate the granting of licenses to carry on a business in the City and which business is of a public nature. City of Chicago v. Kirkland, 7 Cir., 79 F.2d 963.

■ Our conclusion that there was no abuse of discretion in the instant case is supported by these considerations:

(1) Plaintiff was incorporated immediately after the closing of its predecessor, indubitably to carry on despite the closure order against its predecessor.

(2) There was a practical identity of stockholders of the old and new companies.

(3) The objectionable features of the cleaning establishment, which led to closure of plaintiff's predecessor, had not been remedied.

(4) The plaintiff failed to support its factual contentions with any oral testimony.

(5) The facts grounding the City's action relative to personal fitness and criminal

---

[1] Violation of zoning laws, being within 125 feet of residence and apartment district and within 100 feet of a theatre; lack of standard fire doors in openings in dividing walls; second story floors supported by roof trusses designed to support roof only; steel diagonal web members in roof truss should be replaced; additional exits and stairs should be provided for second story pressing room; building should be divided into fire areas of less than 9,000 square feet, which areas should be surrounded by brick or concrete walls 12 inches thick; naphtha room improperly constructed; exit doors opening in wrong direction; exit doors improperly locked while employees are in plant, and some doors were now obstructed with heavy screening; obstructed aisles; motors are used in rooms where flammable atmospheres are present; inside filling pipe from underground naphtha tank was "unusually severe explosive hazard"; wrong kind of pumps for transferring volatile liquids; lack of proper signs denoting presence of flammable liquids; lack of standard system of automatic sprinklers; improper protection of electrical wiring system where flammable vapors were present; improper system of mechanical ventilation in benzine room; etc.

history of plaintiff's stockholders were unchallenged by plaintiff.

The District Court did not abuse its discretion when it denied plaintiff's application for a temporary injunction.

The order of the District Court is affirmed.