MUSKEGON PISTON RING COMPANY, Inc., a Michigan corporation, and Gilbert W. Lundeen, Plaintiffs-Appellees,

v.

GULF & WESTERN INDUSTRIES, INC., Defendant-Appellant.

No. 15721.

United States Court of Appeals
Sixth Circuit.

March 12, 1964.

Lawrence E. Walsh, New York City, Warner, Norcross & Judd, Grand Rapids, Mich., Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, on brief; Harold S. Sawyer, Grand Rapids, Mich., Leon Silverman, Milton R. Ackman, New York City, of counsel, for appellant.

Edward C. McCobb, Grand Rapids, Mich., McCobb & Heaney, Grand Rapids, Mich., on brief, for appellees.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

On December 11, 1963, the plaintiffs-appellees, Muskegon Piston Ring Company, Inc., and Gilbert W. Lundeen, its president, filed a petition against the defendant-appellant, Gulf & Western Industries, Inc., in the United States District Court for the Western District of Michigan, by which they charged that the defendant-appellant was acquiring the stock of Muskegon in violation of Section 7 of the Clayton Act. (Section 18, Title 15, USC.) [1] The parties will be referred to herein as Muskegon and Gulf.

The ultimate relief sought by Muskegon is to require Gulf to divest itself of its stock under such terms as the Court might prescribe. In the interim, Muskegon asked for a temporary restraining order to prevent Gulf from acquiring more of its stock and from using the stock it already owned to attempt to get control of Muskegon.

At the time the complaint was filed, Gulf had acquired about 30% of Muskegon's stock, claimed by Gulf to have a value of $3,500,000. It attempted to acquire more of Muskegon's stock by an offer through public advertising to purchase additional shares at a price of about four dollars per share above the market price. It was Gulf's intention to acquire control of Muskegon.

Upon filing the complaint, the district judge granted a temporary restraining

1. "No corporation engaged in commerce shall acquire, directly or indirectly, the whole or any part of the stock or other share capital and no corporation subject to the jurisdiction of the Federal Trade Commission shall acquire the whole or any part of the assets of another corporation engaged also in commerce, where in any line of commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly."

order ex parte. An oral application of Gulf to vacate the temporary restraining order was denied. Subsequently, a hearing was held on Muskegon's application for a temporary injunction. On January 2, 1964, the district judge issued an order granting a preliminary injunction, as follows:

"It is ordered that the defendant, Gulf & Western Industries, Inc., its officers, directors, agents and all other persons in active concert and participation with it, directly or indirectly, be and they hereby are restrained and enjoined, pending the determination of this action, from:

"1. Voting, in person, or in proxy, any shares of stock now owned or controlled by it at any meeting of the shareholders of Muskegon Piston Ring Company;

"2. Acquiring, or attempting to acquire, any representation on the Board of Directors of said company;

"3. Acquiring, or attempting to acquire, any additional shares of the common stock of Muskegon Piston Ring Company;

"4. Selling, transferring or otherwise disposing of any shares of the common stock of said Muskegon Piston Ring Company owned or held by it, except in accordance with the further order of this Court;

"5. Soliciting, contacting or communicating with other shareholders of Muskegon Piston Ring Company for the purpose of acquiring additional stock in said company or otherwise except in conformity with the rules and regulations of the Securities and Exchange Commission;

provided, that plaintiffs first give security in the sum of $10,000 no/100 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined, such bond to be approved by the Court or by the Clerk of the Court no later than January 2nd, 1964.

"IT IS FURTHER ORDERED that all dividends and other distributions declared by Muskegon Piston Ring Company on those shares of its stock owned by Gulf & Western Industries, Inc., be paid to the Clerk of this Court to be held pending final judgment of this Court."

The case is now before this Court on appeal from the order of the district judge granting the temporary injunction.

We cannot determine at this juncture of the case whether or not Muskegon is entitled to the ultimate relief which it seeks. The issues presented by the pleadings must await the trial in the District Court. Upon consideration of the briefs and record before us, we are of the opinion that there is reasonable ground for the issuance of a temporary injunction. The function of such an injunction should be to maintain the status quo in the relationship between Muskegon and Gulf, as of the date the complaint was filed. It should not impose undue or unnecessary hardships on either corporation.

By virtue of our equity jurisdiction and in accordance with section 2106, Title 28, U.S.C., we modify and amend the temporary injunction to accomplish the following purposes:

Subdivision (1) is modified as to permit Gulf to vote its presently owned stock at the forthcoming annual stockholders' meeting of Muskegon, or at any future annual or special meeting of said stockholders, subject to the restrictions herein imposed. Gulf shall not solicit proxies from any other stockholders. It shall only vote its stock to the extent that a ratio of the number of shares owned by it (as of the date of filing the complaint) to the entire number of issued and outstanding shares of Muskegon bears to the total number of shares represented at the meeting. It is the intent of the Court that if Gulf owns 30% of the entire stock of Muskegon, it shall not exercise more than 30% influence upon any matter voted upon at the annual meeting, or any other stockholders' meeting. Subdivision (2) is modified so as to effect Gulf's right to vote its stock in conformity with the aforesaid modification of subdivision (1). Subdivision (3) is not

modified or changed. Subdivision (4) is modified so as to permit Gulf to make a bona fide sale of its stock to a bona fide person or corporation, completely unconnected with Muskegon, provided such sale is not part of a plan to obtain control of Muskegon. Subdivision (5) is not modified or changed.

That part of the temporary injunction ordering that the payment of dividends declared by Muskegon and payable to Gulf, be paid to the Clerk of the District Court is vacated. The dividends now in the hands of the Clerk of the District Court should be paid to Gulf and any dividends hereafter declared should likewise be paid to Gulf.

We further find that in justice and equity and in order to preserve the relationship between the parties as it was at the time Muskegon filed its complaint, the management of Muskegon should be enjoined from making or attempting to make any merger with any other corporation. And further, management should be enjoined from selling any of its shares to, or soliciting the sale of shares of any shareholder to any corporation. Management, as here used, includes the officers and present directors of the company.

It is our opinion that, unless it is ultimately determined that acquisition of Muskegon stock by Gulf is in violation of section 7 of the Clayton Act, Gulf has not obtained its stock illegally. The ends of justice will be served if Gulf is allowed the flexibility in the use of its investment of $3,500,000 as herein provided and the relationship of each party to the other is not changed until the final determination of the litigation now pending in the District Court.

The case is remanded to the District Court with instructions to modify and amend its order of preliminary injunction in accordance with the views herein expressed, and, further, to provide by appropriate order, so far as feasible, for retaining the status quo of the corporation as to its ownership by its present shareholders.

This Court suggests to the trial court that this case be advanced on its trial calendar and that it be tried on the merits as expeditiously as may be consistent with the rights of the parties and the condition of the court's docket.