**VIRGINIA AIRMOTIVE, LTD.,**
Appellant,

v.

**CANAIR CORPORATION, Cannon Aircraft Sales & Service, Incorporated, and The Cessna Aircraft Company, Appellees.**

**No. 11865.**

United States Court of Appeals
Fourth Circuit.

Argued March 5, 1968.

Decided March 21, 1968.

Philip F. Hudock, Washington, D. C., (Galland, Kharasch, Calkins & Lippman, Washington, D. C., Charles J. Henderson, and Henderson, Henderson & Shuford, Charlotte, N. C., on brief) for appellant.

R. C. Carmichael, Jr., Charlotte, N. C., (Boyle, Alexander & Carmichael, Charlotte, N. C., on brief) for appellee Canair Corp.

Before SOBELOFF, BOREMAN and CRAVEN, Circuit Judges.

SOBELOFF, Circuit Judge:

A motion for preliminary injunction, denied below, is the only subject of this interlocutory appeal prosecuted pursuant to 28 U.S.C. § 1292(a) (1). Therefore, in reviewing the District Court's action, we need not and do not adjudicate the merits of the plaintiff's substantive antitrust claims.

Alleging violations of section 1 of the Sherman Act, 15 U.S.C. § 1, and sections 2 and 3 of the Clayton Act, 15 U.S.C. §§ 13, 14, Virginia Airmotive, Ltd., a retailer of aircraft in the Roanoke area, instituted a treble damage anti-trust suit against Cessna Aircraft and one of its distributors in certain areas of the South, Canair Corporation. The thrust of the complaint is that Canair unlawfully terminated plaintiff's Cessna dealership franchise.[1] With its initial papers, plaintiff filed a motion seeking a temporary mandatory injunction requiring Canair to reinstate Airmotive as a franchised Cessna dealer.

Preliminary injunctions, "never to be indulged in except in a case clearly

---

1. According to Cessna's avowed policy, distributors have the responsibility for the creation and termination of dealership franchises.

demanding it," Warner Bros. Pictures v. Gittone, 110 F.2d 292, 293 (3rd Cir. 1940), may be issued in anti-trust matters only upon a "showing that the danger of irreparable loss or damage is immediate." 15 U.S.C. § 26. The granting or denying of temporary equitable relief is "within the sound judicial discretion of the court, and the action of the trial court will not be disturbed unless there has been a clear abuse of discretion." Meiselman v. Paramount Film Distributing Corp., 180 F.2d 94, 96 (4th Cir. 1950).

In the exercise of its broad discretion regarding this extraordinary remedy, the District Court refused the injunction because, among other reasons, it found insufficient evidence that the plaintiff was in danger of suffering immediate and irreparable harm. This court finds no abuse of discretion in this finding and affirms the denial of the injunction.

Recognizing that a dealership franchise is a valuable asset, the loss of which may in some circumstances cause heavy damage, we are unable to say that the court erred in failing to discern a likelihood of serious and irremediable disruption of plaintiff's business during the pendency of the litigation. The facts concerning the plaintiff's purchases and sales were before the court. Of the forty-one aircraft sold by plaintiff in 1967, the year the dealership was terminated by Canair, only twenty-one were new Cessna planes, and of these eighteen were purchased from distributors other than Canair. Plaintiff's own affidavits state that no Cessna parts were bought from Canair; all were purchased elsewhere. The record reveals, and there is no allegation to the contrary, that despite the cancellation of its dealership by Canair, plaintiff may continue to operate its business substantially as before, buying its new Cessna aircraft and parts from other Cessna distributors and reselling them to the public. In addition, Virginia Airmotive is listed in the current local telephone directory as a Cessna Aircraft dealer and the termination will not automatically or in the near future expunge that advertisement or its benefits. Moreover, Airmotive will of course continue to sell other brands of aircraft as it has done in the past.

■ The District Court, in disposing of this motion, also made some adverse comment on the merits of the plaintiff's case, but we find it unnecessary and undesirable at the present juncture to pass on this aspect of the case, and so we intimate no opinion on the substantiality of plaintiff's cause of action. A conservative attitude in the consideration of applications for interlocutory injunctions is consistent with the view long held by this court: "We feel we should not pass upon any of the complicated and delicate questions involved in the case, in which parties not before the court [in this case alleged co-conspirator Cessna Aircraft Company] are vitally interested, upon an appeal from a mere interlocutory injunction and upon the inadequate record now available, but should await the completion of the hearing in the court below, at which time it will be possible to consider the questions upon an adequate record and avoid a fragmentary hearing" on the substantive issues. Sims v. Central Trust Co., 123 F.2d 89, 90 (4th Cir. 1941).

■ Despite the District Court's view that plaintiff's business is not in imminent danger, and that in any event an award of damages, if the plaintiff's claim should ultimately be established, will fully compensate it, we think this is a case requiring expeditious adjudication. Therefore this court, while upholding the denial of interim injunctive relief, directs in the interest of justice that the case be advanced on the docket for trial on the merits as promptly as feasible with due regard to the convenience of the court and the parties. See Muskegon Piston Ring Company v. Gulf & Western Industries, Inc., 328 F.2d 830, 832 (6th Cir. 1964).

The denial of the interlocutory injunction is

Affirmed.