Circuit Court of Appeals, Second Circuit.
June 10, 1940.

## CONE, Governor, et al. v. RORICK et al.
### No. 9451.

Circuit Court of Appeals, Fifth Circuit.
June 21, 1940.

CLARK, Circuit Judge, dissenting.

———————

George Morton Levy, of Mineola, N. Y., for appellant.

Mathias F. Correa, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

George Couper Gibbs, Atty. Gen. of Florida, H. E. Carter, M. C. McIntosh, and Tyrus A. Norwood, Asst. Attys. Gen., of Florida, Fred H. Kent, of Jacksonville, Fla., and John D. Kennedy, of Ft. Lauderdale, Fla., for appellant.

896

William H. Watson and S. Pasco, both of Pensacola, Fla., and William Roberts, of New York City, for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

This litigation began in 1931 by a bill in behalf of bondholders of Everglades Drainage District in Florida for injunction and other relief against an Act of the Florida legislature passed in 1929, Acts Fla.1929, c. 13633, which was alleged to have impaired unconstitutionally the bond contract. Another Act was passed in 1931, Acts.Fla.1931, c. 14717, which was attacked on like grounds in a supplemental bill, and a third Act passed in 1937, Acts. Fla.1937, c. 17902, was attacked by a second supplemental bill. A three-judge court, giving controlling effect to a decision of the Supreme Court of Florida under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, denied injunctions and dismissed the bills. On appeal the Supreme Court held the laws under attack were not general but local laws, and injunctions against their enforcement were not for a court organized with three judges, under Judicial Code § 266, 28 U.S.C.A. § 380, but for the district judge alone, and the judgment was reversed and the cause remanded to the District Court. Rorick v. Commissioners, Everglades Drainage District, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242. The scope and course of the case are in that opinion sufficiently stated for present purposes. The district judge thereupon heard the matter de novo on a motion for preliminary injunction and a motion to dismiss; he refused to dismiss the bill, as supplemented, by an order granted Dec. 19, 1939; and by a separate judgment of the same date granted an injunction "pending the final determination of this cause." The defendants appeal from both judgments.

The judgment refusing to dismiss the supplemented bill is not a final one and not appealable. The grant of the preliminary injunction is appealable though not final. 28 U.S.C.A. § 227. We have authority to consider whether there be any insuperable obstacle to the relief asked, and if there be, to direct dismissal now. Myers v. Bethlehem Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Smith v. Vulcan Iron Works, 165 U.S. 518, 17 S.Ct. 407, 41 L.Ed. 810. We think substantial questions are raised by the bill, and that the district court has jurisdiction to consider and decide them. We will not now scrutinize further the forty-one grounds of the motion to dismiss.

The original bill and the first supplemental bill have been answered, some things being admitted, some denied, and as to some a want of knowledge is asserted. The second supplemental bill has not yet been answered. No evidence whatsoever was taken, but findings of facts covering forty pages have been made. So far as based on the admissions in the answers and the motion to dismiss, they were unnecessary. If they go further, they are of no value since no evidence has been offered. Apparently it was considered that full findings on the merits, though tentative, are required to be made as the basis of a preliminary injunction by Rule of Federal Procedure 52(a), 28 U.S.C.A. following section 723c: "And in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action." We do not think this changes the requirements set forth in Public Service Commission v. Wisconsin Telephone Co., 289 U.S. 67, 53 S.Ct. 514, 515, 77 L.Ed. 1036. It was there held that former Equity Rule 70½, 28 U.S.C.A. following section 723, did not apply to interlocutory applications, where the final merits are not for decision but only a sound discretion is to be exercised; but that on an interlocutory hearing the court should express "the findings of fact and conclusions of law that are appropriate to the interlocutory proceeding." The cause was remanded that this be done. The new Rule 52(a) requires the court to set forth the facts and law "which constitute the grounds of its action" in making the interlocutory injunction—not such as would be necessary on a final decree. If it appear that substantial questions of law and fact exist, and irreparable injury to one party may be prevented by the injunction without undue inconvenience and loss to the other, an interlocutory injunction may be issued without attempting to settle either the facts or the law of the case. In such a case the findings and conclusions need be only such as are above indicated. On appeal from such an order, the appel-

late court will usually not review the merits of the cause, even though the district court dealt with them, but will merely determine whether law has been violated or discretion has been abused. Alabama v. United States, 279 U.S. 229, 49 S.Ct. 266, 73 L.Ed. 675; Rogers v. Hill, 289 U.S. 582, 53 S.Ct. 731, 77 L.Ed. 1385, 88 A.L.R. 744. Where the meritorious question is the constitutionality of a law, and it involves any possible questions of fact, it is especially inappropriate to examine it before the facts are fully ascertainable. Wilshire Oil Co. v. United States, 295 U.S. 100, 103, 55 S.Ct. 673, 79 L.Ed. 1329. These appellees contend that their contract has been impaired by these State laws affecting the manner of laying, and enforcing and applying the taxes of the Everglades Drainage District. The changes may be in form only, causing no material injury in actual results, a question of fact. Certain conduct and assurances of the public officers are involved also. It would not be useful or seemly for us to express any opinion touching these State laws before the facts affecting their operation are finally ascertained. We think it plain, however, that Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, has no application to the Florida decisions made since the bonds were issued, unless in settling the meaning of the attacked Florida statutes. The federal courts will accept the construction of them made by the State Supreme Court. What the bond contract was, and whether the attacked statutes, thus construed, impair its obligation, are federal questions on which the federal courts will make their own judgment, inclining to agreement with the State court in doubtful matters. Georgia Ry. & Power Co. v. Decatur, 262 U.S. 432, 43 S.Ct. 613, 67 L.Ed. 1065; Appleby v. New York, 271 U.S. 364, 46 S.Ct. 569, 70 L.Ed. 992; Coombs v. Getz, 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866; Funkhauser v. Preston, 290 U.S. 163, 167, 54 S.Ct. 134, 78 L.Ed. 243; New York Rapid Transit Co. v. New York, 303 U.S. 573, 593, 58 S.Ct. 721, 82 L.Ed. 1024; Dodge v. Board, 302 U.S. 74, 58 S.Ct. 98, 82 L.Ed. 57.

The questions touching the attacked statutes deserve deliberate examination, and relief by perpetual injunction or by declaratory decree may be found proper. The court did not abuse discretion in granting the preliminary injunction.

Affirmed.

HOLMES, Circuit Judge (specially concurring).

I am unable to concur in the holding that "what the bond contract was" is a federal question as to which the federal courts will exercise an independent judgment. The obligation of the contract, I think, was whatever the law of the state attached to the contract at the time it was made.

Whether or not the obligation is within the protection of the contract clause of the federal constitution, and has been impaired in violation of the provisions thereof, are federal questions upon which the federal courts will make their own decisions.

Solely because the district court did not abuse its discretion in granting the interlocutory injunction, and nothing else is essential to a decision at this time, I concur in the result.