## FOOD, TOBACCO, AGRICULTURAL AND ALLIED WORKERS UNION OF AMERICA, LOCAL 186, v. SMILEY et al.

### No. 9360.

Circuit Court of Appeals, Third Circuit.
Argued June 5, 1947.
Decided Oct. 30, 1947.

George L. Reed, of Harrisburg, Pa. (M. Louise Rutherford, Deputy Atty. Gen., and T. McKeen Chidsey, Atty. Gen., on the brief), for appellant.

Saul C. Waldbaum, of Philadelphia, Pa., for appellees.

Before McLAUGHLIN, O'CONNELL and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

This is an appeal from an order of the District Court denying appellant's motion to dissolve a preliminary injunction. The complaint was filed by the Food, Tobacco, Agricultural and Allied Workers Union of America, Local 186 (hereinafter referred to as "Union") against certain individuals constituting the Pennsylvania Labor Relations Board, the appellant herein, the American Tobacco Company, the Employees Representation Committee of the American Tobacco Company, and Harry C. Welcomer, its Chairman.

■ To narrow the scope of review, it may be emphasized that we are here dealing, in effect, with the propriety of the issuance of a temporary injunction. The merits of the controversy are not involved, since the question before the court below was whether a showing had been made of serious questions of fact and law with the likelihood of irreparable damages to the appellee union if the appellant were permitted to continue its course of action. Mayo v.

Lakeland Highlands Canning Co., 1940, 309 U.S. 310, 311, 60 S.Ct. 517, 84 L.Ed. 774. On appeal, "The appellate court will usually not review the merits of the cause, even though the district court dealt with them, but will merely determine whether law has been violated or discretion has been abused." Cone v. Rorick, 5 Cir., 1940, 112 F.2d 894, 896, 897.

■ The complaint asserts that the action of the Pennsylvania Labor Relations Board, in proceeding to investigate a labor controversy and certify an exclusive collective bargaining agent, infringes the rights of Union under the National Labor Relations Act and unless enjoined will cause irreparable damage to Union. Since the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., is an Act regulating interstate commerce, it follows that a proper case is presented for consideration in the federal courts. Section 24(8) of the Judicial Code, 28 U.S.C.A. § 41(8); A. F. of L. v. Watson, 1946, 327 U.S. 582, 591, 66 S.Ct. 761, 90 L.Ed. 873. It is conceded that the employer, the American Tobacco Company, is engaged in interstate commerce, and that the employees involved are engaged in the production of goods for interstate commerce or in activities affecting interstate commerce.

Both in the Court below and here, the State Labor Board urged that under the Pennsylvania Labor Relations Act of 1937, as amended [1] it has concurrent jurisdiction with the National Labor Relations Board in investigating a question involving the representation of a group of employees of an employer engaged in interstate commerce.

■ An examination of the record on this appeal discloses that at least at the time of the issuance of the preliminary injunction there existed substantial questions of law and fact as well as a reasonable basis for concluding that irreparable damage would result to Union unless the status quo were maintained pending litigation without undue inconvenience and loss to the other parties. The actual state of the facts must await the final hearing.

[1] 43 P.S. §§ 211.3 and 211.7.

924

It may be noted that since the injunction was issued both the Supreme Court of the United States and the Supreme Court of Pennsylvania have clarified the critical phase of the controversy. Bethlehem Steel Co. v. New York State Labor Relations Board, Allegheny Ludlum Steel Corp. v. Kelly, 1947, 330 U.S. 767, 67 S.Ct. 1026; Pittsburgh Railways Company Employees' Case, 1947, 357 Pa. 379, 54 A.2d 891.

In the latter case the Supreme Court of Pennsylvania specifically ruled that the Pennsylvania Labor Relations Board does not have concurrent jurisdiction with the National Labor Relations Board in representation and certification proceedings in situations involving interstate commerce.

■ That ruling by the highest appellate court in Pennsylvania defining the powers of the State Board, effectively disposes of the Board's contention as to the applicable legal principles in the instant case. The Pennsylvania Court's definition of authority of the State Board is, of course, binding upon us. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ We do not pause to consider other questions raised by appellant, since they were the subject, in the court below, of motions to dismiss the complaint, the denial of which is not appealable. Cone v. Rorick, supra, 112 F.2d at page 896.

Comment may be made on the fact that it has been called to the attention of this Court that since the proceedings were had in the court below the National Labor Relations Board has held an election which the appellee Union lost. The latter urges that in view of that fact the cause is moot, but appellant takes a contrary view. Parenthetically, it may be noted that that view was expressed by the State Board prior to the decision in the Pittsburgh Railways Co. case.

■ Generally, where a final injunction has been issued and it appears that supervening facts require a retrial in the light of a changed situation, it is proper to vacate the decree and revest the court below with jurisdiction. Duke Power Co. v. Greenwood County, 1936, 299 U.S. 259, 268, 57 S.Ct. 202, 81 L.Ed. 178. In the instant case, the showing on preliminary hearing has yet to meet the final test. Moreover, it is well settled that interlocutory orders remain subject to the court's control until entry of final judgment. 8 Cyclopedia of Federal Procedure (1943) Section 3597. Accordingly, the new event suggested by the appellee, seasonably and in proper form, may be brought to the attention of the court below.

For the reasons stated, the order of the District Court will be affirmed.