**ZALESKI et al. v. LOCAL 401 OF UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA et al.**
Civ. No. 372–50.

United States District Court
D. New Jersey.
May 18, 1950.

Rothbard, Harris & Oxfeld, Newark, N. J., Samuel L. Rothbard and Abraham L. Friedman, Newark, N. J., of counsel, for plaintiffs.

Morton Stavis, Newark, N. J., for Local 401.

Stryker, Tams & Horner, Newark, N. J., Walter F. Waldau, Newark, N. J., and Arthur E. Pettit, New York City, of counsel, for Singer Mfg. Co.

FAKE, Chief Judge.

This action is based primarily upon an allegation that there is a threatened violation of plaintiffs' rights in making deductions provided for by written authorizations or assignments executed and delivered by them to defendant, The Singer Manufacturing Company. These assignments or authorizations expressly provide that Singer may make deductions from their wages and "remit the same to United Electrical, Radio and Machine Workers of America (UE), Local 401 C. I. O." It is further alleged that the said Union 401 has been expelled from C. I. O., for subversive reasons, and therefore plaintiffs seek injunctive and other relief to prevent the making of said deductions and any further payments to the expelled Union 401.

Is the issue so raised cognizable in the United States District Court in the absence of diversity of citizenship? The answer is, No! It is urged, however, that Sections 301–302 of the Labor Management Relations Act of 1947, 29 U.S.C.A. §§ 185, 186, vest jurisdiction. It is my thought that these Sections have no application here since Section 301 restricts actions to suits between an employer and a labor organization or suits between labor organizations; and Section 302 provides against an employer paying over money to any representative of employees, expressly excepting payments of moneys deducted from wages for payment of union dues, an old practice not dependent on statute.

It is urged that Section 1337, Title 28, U.S.C.A., vests this Court with jurisdiction by the following language: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce." This suit is not an action arising on any act of Congress whatever. The authority of employees to make assignments arises at common law, and the permissive language of the statute recognizes that common law right.

The motion to remand is granted.