**BROOKS et al. v. HUNKIN–CONKEY CONST. CO., Inc., et al.**

Civ. A. No. 9065.

United States District Court
W. D. Pennsylvania.

Jan. 30, 1951.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiffs.

Joseph E. Madva (Thorp, Bostwick, Reed & Armstrong), Pittsburgh, Pa., for Hunkin-Conkey Const. Co., Inc., defendant.

Thomas E. Whitten, Pittsburgh, Pa., for United Brotherhood of Carpenters and

Joinders of America, Heavy Const. Local Union No. 2274, et al., defendants.

BURNS, District Judge.

The instant complaint, in substance, alleges that defendant corporation, under pressure from the union defendant and the defendant individual officials of the union, was guilty of discriminatorily discharging plaintiffs, who had been employees of defendant corporation and members of the union. Equitable relief is requested. Both the corporate defendant and the union and individual defendants have moved for dismissal of the complaint. Plaintiffs concede that the service of process upon the corporate defendant was objectionable; but quashing that service need not here be ordered, as the motions to dismiss the complaint must be granted.

The grounds for jurisdiction asserted by plaintiffs are diversity of citizenship and the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq. As to the former, it is sufficient to note that plaintiffs and all named individual defendants are citizens of the same state [1]; so jurisdiction may not be founded on that basis. As to the latter, a definitive discussion of the question by Chief Judge Parker in Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183, renders unnecessary any lengthy review by this court. Section 301(c) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185(c), upon which provision plaintiffs rely, is a statement of *which* district courts would have jurisdiction over labor organizations—in short, it offers a formula for establishing the domicile of unincorporated groups, for purposes of certain litigation between the employer and the union. The provision, one of venue in nature, cannot be expanded by judicial interpretation to permit enlargement of the jurisdiction of federal district courts in general.

Order

And now, January 30, 1951, it is ordered that the motions of defendants to dismiss the complaint for want of jurisdiction be, and hereby are, granted. The complaint is dismissed.

---

1. Actually, both the plaintiffs and defendants have discussed the issue as though the words "residence" and "citizenship" were synonymous. I am satisfied, however, that plaintiffs do not contest the fact that all parties defendant are not citizens of a state other than that of which plaintiffs are citizens.