**Paul DISANTI, Plaintiff,**

v.

**LOCAL 53, CHARLEROI, PENNSYLVANIA, OF THE FEDERATION OF GLASS, CERAMIC AND SILICA SAND WORKERS OF AMERICA, C.I.O.; Corning Glass Works, a corporation; and Harry Prentice, Defendants.**

Civ. A. No. 12683.

United States District Court,
W. D. Pennsylvania.
Dec. 9, 1954.

Louis C. Glasso, Pittsburgh, Pa., for plaintiff.

David Clayman, Ernest G. Nassar, Pittsburgh, Pa., for defendants Local 53 and Harry Prentice.

Nicholas Unkovic, W. D. Armour, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant Corning Glass Works.

WILLSON, District Judge.

In his complaint plaintiff avers:

"This action is brought under and by virtue of the Labor Management Relations Act of June 23, 1947, Title III, Sec. 301, 61 Stat. 156, 29 U.S. C.A. § 185, as amended."

Plaintiff is an individual and an employee of defendant Corning Glass Works and is also a member of defendant union, Local 53, Charleroi, Pennsylvania, of the Federation of Glass, Ceramic and Silica Sand Workers of America, C.I.O. The individual defendant is Harry Prentice, a resident of this district and president of Local 53. There is no diversity claimed nor is any jurisdictional amount asserted. The problem is thus squarely presented, whether Section 301, Title III of the Labor Management Relations Act, 29 U.S.C.A. § 185 et seq., authorizes a suit by an individual member of a labor organization against the labor organization and his employer.

There existed between defendant local and defendant employer a collective bargaining agreement which, inter alia, provided for seniority rights. The complaint alleges a violation of plaintiff's seniority rights under the collective bargaining agreement. Plaintiff asserts defendants joined in a construction and interpretation of the agreement contrary

to the prevailing rule and practice existing throughout organized labor generally and that as a result, an employee of lesser seniority was awarded a job to which plaintiff is entitled. Plaintiff prays for injunctive relief requiring defendant employer to restore plaintiff to a certain position, together with a judgment for loss of wages during the interim and for other relief.

Defendants have filed motions to dismiss, claiming that Section 301, 29 U.S.C.A. § 185 permits suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce by the parties to the collective bargaining agreement only, and that no suits by an individual employee on his own behalf are authorized and therefore the Court is without jurisdiction in this case.

It is believed that individual members of labor organizations may not bring an action in the Federal Courts against either party to a collective bargaining agreement under Section 301 of the Act. See Square D. Co. v. United Elec., Radio & Machine Workers of America, D.C., 123 F.Supp. 776; Schatte v. International Alliance, etc., D.C., 84 F.Supp. 669; United Protective Workers of America v. Ford Motor Co., 7 Cir., 194 F.2d 997; and Brooks v. Hunkin-Conkey Const. Co., Inc., D.C.W.D.Pa., 95 F.Supp. 608.

Plaintiff in his brief cites decisions of various courts in support of his position that Section 301 permits suit by an individual member of a labor organization. Plaintiff urges that the case of Isbrandtsen Co. v. Local 1291, etc., 204 F.2d 495, 496, decided by the Court of Appeals for this Circuit, can be interpreted as authority for the proposition that an individual may bring suit for violation of contract between the employer and the union of which he is a member. However, this opinion discloses that Judge Goodrich, in writing that opinion, expressly stated that the point was not decided. His language is:

"All the statute talks about is a suit for violation of the contract; it does not say who may or who may not sue. The legislative history cited by the appellee is certainly inconclusive with regard to the rights of those not signatory to the contract, and a point of view contrary to appellee's argument seems to be indicated by the decision in Marranzano v. Riggs National Bank, 1950, 87 U.S.App.D.C. 195, 184 F.2d 349. We need not decide this point, however."

In support of his position, plaintiff also cites Marranzano v. Riggs National Bank, 87 U.S.App.D.C. 195, 184 F.2d 349. It is difficult to determine from a reading of this opinion whether or not jurisdiction was predicated upon the Taft-Hartley Act or not, but it would seem unnecessary to determine this question since the statutory jurisdiction was not invoked and indeed, it was not necessary to do so, since the general jurisdiction of the District Court for the District of Columbia was sufficient to support the suit, as was discussed by the Court in Ketcher v. Sheet Metal Workers' International Ass'n, 115 F.Supp. 802, wherein the Marranzano case was considered in a situation similar to the one at bar. The Court brought out the fact that, while the complaint in the Marranzano case did not allege diversity of citizenship, it did allege an amount in controversy in excess of $3,000, which would have been an unnecessary allegation had the Taft-Hartley Act jurisdiction been invoked.

In United Protective Workers of America v. Ford Motor Co., decided in 1952 by the Court of Appeals for the 7th Circuit, 194 F.2d 997, 1000, supra, it is stated:

"We also agree that if the case only involved an action under § 301(a), Orloski, under the express terms of this statute could not be considered a proper party plaintiff. This seems clear from the language of the statute."

The point at issue here has been discussed in many recent decisions and

especially in the decisions cited. Counsel have not pointed to a decision which squarely rules in support of plaintiff's position in this case. It is believed that the prevailing view is contrary to that asserted by plaintiff. The complaint will be dismissed.