249 F.2d 409
 Beaumont SILVERTON, individually and as a member,
representative and secretary of Teamsters Local Union No.
898, affiliated with the International Brotherhood of
Teamsters, Chauffeurs, Warehousemen and Helpers of America
and the American Federation of Labor, Appellant,
v.
VALLEY TRANSIT CEMENT COMPANY, Inc., a corporation, Appellee.
 No. 15055.
 United States Court of Appeals Ninth Circuit.
 Nov. 4, 1957.
 
 John C. Stevenson, Lionel Richman, Los Angeles, Cal., for appellant.
 Horton & Knox, James H. Carter, El Centro, Cal., for appellee.
 Before STEPHENS, Chief Judge, and FEE and HAMLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Beaumont Silverton, a member, representative, and secretary of the named union,[1] brought this action against a corporation with which the union had a collective bargaining agreement. Asserting that defendant had failed to pay the wages of thirteen union employees at the rates specified in the collective bargaining agreement, plaintiff sought an accounting and damages. Diversity of citizenship was not alleged, jurisdiction being asserted under 301 of the Labor Management Relations Act of 1947 (29 U.S.C.A. 185).
 
 
 2
 The only question presented on this appeal is whether the trial court erred in entering judgment of dismissal for lack of jurisdiction.
 
 
 3
 The complaint consists of twenty-six causes of action, only the first thirteen of which are involved on this appeal. It is alleged in each such cause of action that, with respect to a particular named employee, defendant had failed to pay wages at the rates specified in the collective bargaining agreement. On information and belief, it is alleged that there is, accordingly, due each employee the approximate sum set out in an attached exhibit. The sums os listed range from $1,000 to $5,000 per employee. In each cause of action it is alleged that, prior to the commencement of the action, 'the obligation herein sued upon was assigned to plaintiff by (a named employee), and plaintiff is now the lawful holder thereof.' The specific relief requested, in addition to attorneys' fees and costs, is: (1) An accounting and payment to plaintiff of all sums due; (2) that the sums due for hours worked in excess of forty hours in any one week be trebled; (3) for damages due under the Fair Labor Standards Act, 29 U.S.C.A. 201 et seq.; and (4) such other and further relief as may be just and proper in the premises.
 
 
 4
 In dismissing the action for lack of jurisdiction, the trial court relied upon Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510. Silverton v. Valley Transit Cement Co., D.C., 140 F.Supp. 709.
 
 
 5
 It was held in Westinghouse that 301 of the Labor Management Relations Act of 1947 does not confer jurisdiction upon a district court to entertain a suit by a labor union against an employer for declaratory relief, an accounting, and recovery of accrued wages due employees under the terms of a collective bargaining agreement. See United Steelworkers of America v. Pullman-Standard Car Mfg. Co., 3 Cir., 241 F.2d 547, 549. In our opinion, neither the result nor the rationale of the recent decision in Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972, undermines the authority of the Westinghouse case.
 
 
 6
 Appellant argues that here, unlike in Westinghouse, the action is brought by the union in its own behalf for damages sustained by it by reason of breach of the collective bargaining agreement. The claims of the individual employees, it is asserted, were assigned to the union, and operate only to add to the element of damages.
 
 
 7
 We assume, for present purposes, that the union is a plaintiff in this action. The wording of the title of the suit and the lack of specific allegations in the complaint renders this at least doubtful.
 
 
 8
 Appellant's contention is factually unsound in two respects.
 
 
 9
 First, the claims of the employees were not assigned to the union, but to Beaumont Silverton.
 
 
 10
 Second, it is not alleged in the complaint that the union sustained any damages, and no recovery of damages sustained by the union is sought. It is specifically alleged in each cause of action that 'the obligation herein sued upon' was assigned to plaintiff by the named employee.
 
 
 11
 Since the plaintiff union purported to sue only as assignee of the named employees (as shown above, it actually was not the assignee) to recover damages sustained by them, Westinghouse is fully applicable and controlling.
 
 
 12
 Affirmed.
 
 
 
 [1]
 Teamsters Local Union No. 898, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and the American Federation of Labor