George ALLEN, Plaintiff,

v.

ARMORED CAR CHAUFFEURS AND GUARDS LOCAL UNION NO. 820 AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, and Brink's Inc., Defendants.

Civ. A. No. 481–59.

United States District Court
D. New Jersey.

April 6, 1960.

Supplemental Opinion July 11, 1960.

---

Robert C. Gruhin, Jersey City, for plaintiff.

Parsonnet, Weitzman & Oransky, Newark, for defendant Local Union No. 820, Cohen & Weiss, New York City, by Stanley B. Blumberg, New York City, of counsel.

HARTSHORNE, District Judge.

Plaintiff Allen, a former employee of defendant Brink's, and recently discharged from such employment for alleged cause, has brought an action, in one count for such wrongful discharge against defendant Brink's, in another count against defendant Brink's for false imprisonment, in a third count against defendant Union, of which he is a member, for its alleged failure to prosecute his grievance as to such discharge against Brink's, under the terms of the collective bargaining contract between the Union and Brink's, in a fourth count against both Brink's and the Union for conspiracy between them for the acts alleged in counts 1 and 3. The Union, but not Brink's, now moves to dismiss generally as to it, because of this Court's alleged lack of jurisdiction.

Plaintiff in his amended complaint asserts jurisdiction in this Court (1) by virtue of Section 301(a) of the Taft-Hartley Act, 29 U.S.C.A. § 185(a), and (2) under Sections 102 and 103 of Title 1 of the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 519, 29 U.S.C.A. §§ 412, 413.

In answer the Union contends (1) that Section 301(a) only permits suits between the Union and the employer, and not between the Union and an employee.[1] It maintains (2) that Title 1 of the Labor-Management Reporting and Disclosure Act of 1959 [the so-called Bill of Rights Act] deals solely with internal political and civil rights as between Union members and the Union, and in certain specified respects, and not with a Union member's rights under a collective bargaining contract between his Union and his employer, as affecting such employee.

Plaintiff cites Marranzano v. Riggs Nat. Bank of Washington, D.C. 1950, 87 U.S.App.D.C. 195, 184 F.2d 349 and Wilson & Co. Inc. v. United Packing House Workers of America, D.C.S.D. N.Y.1949, 83 F.Supp. 162, in support of his contention that jurisdiction is in this Court under Section 301(a) of the Taft-Hartley Act. However, *Marranzano* was a case between an employee and an employer, not between an employee and a Union, as here, and was probably based on diversity of citizenship and not on Section 301(a), since that section is not even mentioned in the opinion. *Wilson* was a case between an employer and a Union, not between an employee and a Union, as here, and is therefore equally inapplicable. On the other hand, defendant Union cites a series of cases,[2] all holding that Section 301(a) of the Taft-Hartley Act applies only where suits are between employers and Unions, or between Unions. While many authorities have adopted this view, plaintiff has been unable to present a single au-

---

1. Taft-Hartley Act, Sec. 301(a): "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

2. Zaleski v. Local 401, D.C.N.J.1950, 91 F. Supp. 552; United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997; Disanti v. Local 53, etc., D.C.W.D.Pa.1954, 126 F.Supp. 747; Square D Co. v. United Electrical Radio & Machine Workers, D.C.E.D.Mich.1954, 123 F.Supp. 776; Copra v. Suro, 1 Cir., 1956, 236 F.2d 107.

**494**

thority to the contrary. Indeed, in *Copra*, Chief Judge Magruder, of the First Circuit, agrees with all these other courts after a careful examination of all available authorities. Of course, it may well be that plaintiff here could sue the Union at common law, i. e., in the State courts, under the collective bargaining contract, for the causes of action he here asserts against it. Cf. Fray v. Amalgamated Meat Cutters, Wis., 101 N.W.2d 782, and Marchitto v. Central Railroad Company of New Jersey, 1952, 9 N.J. 456, 88 A.2d 851. But, there being no diversity, this Court has no jurisdiction of that common law suit and the Taft-Hartley Act grants this Court no jurisdiction of this suit.

■ With reference to the Labor-Management Reporting and Disclosure Act of 1959, there is naturally a paucity of judicial authority as to the exact meaning of Title 1, 29 U.S.C.A. § 411 et seq., constituting the "Bill of Rights of members of Unions", which expressly sets forth the various rights of Union members protected by that Title of that Act from violation, as to which the Union member may sue his Union in this Court, as he attempts to do here. Plaintiff makes no claim that the other Titles in the Act have any bearing on his present suit. It is quite clear from a reading of Title 1 that its intent was to protect a Union member from the violation of his rights as against the Union only, and only as specified in Title 1. In Strauss v. International Brotherhood of Teamsters, etc., D.C.E.D.Pa.1959, 179 F.Supp. 297, 300, the Court interpreted the scope of Title 1 in this regard, saying:

"Without entering into a detailed discussion of each of its provisions, we observe that this part of the Act deals with (and is directed toward) the *membership in general* and their relationship, *as members*, with their union. The rights which are created are repeatedly referred to as 'the right of any member' or 'the right of every member'. The rights themselves are in-ternal civil and political rights such as the right to vote in elections § 101(a) (1), to nominate candidates § 101(a) (1), to participate in deliberation of issues § 101(a) (1), to freedom of speech and assembly § 101(a) (2), to participate in the fixing of dues, initiation fees and assessments § 101(a) (3), the right to due process in disciplinary actions resulting in fine, suspension, expulsion, or other discipline § 101 (a) (2, 5), and the right to copies of collective bargaining agreements § 104." at page 300.

Nowhere in Title 1 is there any mention whatever of a collective bargaining agreement, or of a Union member's derivative rights thereunder, save in Section 104. Section 104 merely gives the Union member the right to receive from his Union a copy of the collective bargaining agreement, and in nowise gives the member the right to sue the Union to make it carry out the agreement. As to plaintiff's claim that this Court has jurisdiction of this suit by virtue of Title 1, § 101(a) (5), which covers "safeguards against improper disciplinary action", it suffices to say that what plaintiff complains of here is not that the Union "fined, suspended, expelled, or otherwise disciplined" him, but that it simply failed to take action against his employer when he was discharged by his employer for the alleged theft of money. Clearly this cause of action does not come within the other rights set out in Section 101 of Title 1 of that Act, as alluded to in *Strauss*. Even if plaintiff's fourth count, giving it its strongest possible meaning, alleges that the Union aided Brink's in discharging plaintiff from his employment by not pursuing for him the grievance procedure provided in the collective bargaining contract, or otherwise, neither of such actions by the Union, as seen above, is a right protected by the above Bill of Rights Act, of the violation of which this Court is given jurisdiction. The disciplinary action of which this Court is given jurisdiction, as noted above, is not discharge from

employment, but the discipline of a member by the Union as to his membership.

Again it should be noted that the next section, Title 1, Section 102, gives this Court jurisdiction only over suits by one "whose rights secured by the provisions of this title have been infringed by any violation of this title". In other words, thereunder this Court has jurisdiction of a cause of action if (a) its basis has been created as a right by Title 1, and (b) such right is alleged to have been violated. Save for Section 101(a) (4), this is exactly what plaintiff has failed to show, as above. As to Section 101(a) (4), this simply provides that "No labor organization shall limit the right of any member thereof to institute an action in any court * * * or the right of any member of a labor organization to appear as a witness * * * or to petition any legislature * * *." The purpose of this clause was to prevent the unlawful coercion of a Union member by his Union in preventing him from suing or acting as a witness, etc. Additionally, in order to contravene this section, it is, of course, necessary that the Union member must in the first place have a right to institute an action in this Court. Then, if such right exists, no labor organization can limit it. This, of course, means by necessary implication, that no labor organization can limit such right unlawfully, not limit it lawfully—as by showing, as has just been done, that the member has no such right in the first place. This has just been demonstrated. Thus Section 101(a) (4) gives this Court no jurisdiction of plaintiff's present suit.

Finally, plaintiff relies on Section 103 of Title 1 of the Act. This section simply provides that "Nothing contained in this title shall limit the rights and remedies of any member of a labor organization * * *" In other words, Title 1 of this 1959 Bill of Rights Act shall not be construed to *subtract* from the rights the Union member previously had. This obviously does not *add* to his rights, and cannot give this Court any additional jurisdiction over this cause of action to that which it previously had. Since plaintiff here does not even claim that this Court had previous jurisdiction over this action, outside of the provisions of the Taft-Hartley Act and Title 1 of the Labor-Management Reporting and Disclosure Act of 1959, as already alluded to, and such acts have been shown not to give this Court jurisdiction over plaintiff's claim against his Union, this last section, upon which plaintiff relies, does not aid his suit in the slightest.

Since it therefore appears that this Court has no jurisdiction to entertain this suit by plaintiff Union member against defendant Union, the Union's motion to dismiss as to it for lack of jurisdiction will be granted.

An order may be entered accordingly.

HARTSHORNE, J.

Counsel's attention is called to the opinion in Dimeco v. Fisher, D.C., 185 F.Supp. 213, to the same general effect.