George DIMECO, Plaintiff,

v.

John FISHER, Individually, John Fisher, Agent of General Baking Company, General Baking Company, a New York corporation, and Bakery Drivers & Salesman Local No. 194, Defendants.

Civ. A. No. 895-59.

United States District Court
D. New Jersey.

July 11, 1960.

Benedict E. Lucchi, Hackensack, N. J., by Ronald Picinich, River Edge, N. J., for plaintiff.

Toner, Crowley, Woelper & Vanderbilt, Newark, N. J., Willard G. Woelper, Newark, N. J., of counsel; Anthony J. Iannarone, Newark, N. J., on the brief, for defendants General Baking Company and John Fisher.

HARTSHORNE, District Judge.

Plaintiff brought suit against his employer in the State courts for wrongful

**214**

discharge from employment and against the Union for failure to represent him properly by not bringing his dispute to arbitration, and seeks damages therefor. He also, in a second count, seeks damages for slander against one Fisher, both as an individual and as agent for the employer. The case was removed by defendants to this Court. Plaintiff thereupon has moved to remand to the State court.

■ Defendants contend that this suit was properly removed to this Court, alleging Federal jurisdiction under the provisions of 29 U.S.C.A. § 185(a), § 301 (a) of the Taft-Hartley Act, or, in the alternative, under 28 U.S.C.A. § 1331 or § 1337. For the reasons to be stated herein, the motion to remand is granted on the grounds that this Court lacks jurisdiction over this action.

Defendants contend that § 301(a) of the Taft-Hartley Act, following the decision of the United States Supreme Court in Textile Workers Union v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, confers jurisdiction in this Court, since this suit involves an interpretation of a collective bargaining agreement. Particularly involved, they contend, are the provisions relating to seniority and arbitration. However, the instant case has several characteristics which distinguish it from Lincoln Mills, supra. First of all, the plaintiff here is an individual, not a Union. Secondly, the suit here is essentially for wrongful discharge, which is a common-law action cognizable by state courts. Incidental to this common-law action is, of course, an interpretation of portions of the collective bargaining agreement. See Transcontinental & Western Air v. Koppal, 1953, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325.

As to the first difference, the Supreme Court in the Lincoln Mills case specifically stated that it was not passing on the question of an individual employee's right to enforce his grievances under the employment contract, Lincoln Mills, fn. 9, 353 U.S. at page 459, 77 S.Ct. at page 919. However, in numerous cases, the courts have held that an employee, suing alone, cannot sue under § 301(a) to enforce provisions of collective bargaining contracts.[1] It is true that the Third Circuit has made reference to this problem and in dictum in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 3 Cir., 1954, 210 F.2d 623, at pages 625, 629, 630, indicates that employees should be permitted to enforce their rights under the contract under § 301(a). The Third Circuit there indicates that an individual employee would be completely without a remedy if he could not bring his suit in Federal Court under § 301(a). But with this the Supreme Court apparently disagrees in that very case, Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 1955, 348 U.S. 437, 460, 75 S.Ct. 489, 99 L.Ed. 510, and fn. 29. Any individual may bring an action in the state courts against his employer, as did the plaintiff herein. The Third Circuit in the Westinghouse case concluded that no jurisdiction existed for a very different reason, namely, the question of wages was peculiarly one involving an individual contract of hire between employee and employer, and thus was not involved in the collective bargaining contract. The Supreme Court in its opinion, however, criticizes this theory of the Third Circuit, stating that, if a Union were to be prevented from enforcing its members' individual rights, an unsatisfactory situation would be created. The situation, says Mr. Justice Frankfurter, 348 U.S. at page 457, 75 S.Ct. at page 499, would result in the Union only being able to secure promises for its employees, but not to insure the receipt of the benefits from that promise. Further, he says, such a situation would result in creating greater labor unrest, which is contrary to the in-

1. Zaleski v. Local 401, D.C.D.N.J.1950, 91 F.Supp. 552; United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997; Disanti v. Local 53, etc., W.D.Pa.1954, 126 F. Supp. 747; Square D Co. v. United Electrical Radio and Machine Workers, D. C.E.D.Mich.1954, 123 F.Supp. 776; Copra v. Suro, 1 Cir., 1956, 236 F.2d 107.

tent of Congress. However, the Supreme Court, while rejecting this Third Circuit theory, affirms the decision on the ground that this type of a case is not cognizable under § 301(a). The opinion states that Congress did not intend to flood the Federal courts with such litigation as this, 348 U.S. at pages 459, 461, 75 S.Ct. at pages 500–501. If so, Congress surely did not intend to flood the Federal courts with the even greater number of cases which would be brought, not by Unions for the benefit of their many individual employees, but by any and all individual employees on their own behalf, and either for their pay, or to prevent their discharge.

Whether this decision, narrowly construing the scope of § 301(a), still has vitality today, in view of the later *Lincoln Mills* decision broadening greatly the scope of § 301(a) is subject to question. However, in *Lincoln Mills*, as noted earlier, the Court specifically did not deal with the problem now before us, and Mr. Justice Harlan, in his concurring opinion, made it clear that his concurrence was on the basis that the obligation in that case ran to the Union and was a Union controversy, not a uniquely personal right of the individual employee, see 353 U.S. at page 460, 77 S.Ct. at page 919. Furthermore, in the *Westinghouse* case, Chief Justice Warren and Mr. Justice Clark concurred, solely, however, for the reason that § 301(a) did not authorize the Union to enforce in Federal Court the uniquely personal right of an individual employee. This would infer that uniquely individual rights, whether enforced by the individual or by the Union, are not contemplated under § 301(a). See also *Transcontinental Air,* supra, Moore v. Illinois Central Railroad Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, and Slocum v. Delaware, L. & W. Railroad Co., 1950, 339 U.S. 239, at page 244, 70 S.Ct. 577, at page 580, 94 L.Ed. 795, all cited in *Lincoln Mills,* fn. 9, which indicate that actions for wrongful discharge exist at common law, and are not at all dependent on § 301(a).

Thus it appears that not only is there grave doubt whether an individual employee may bring suit under § 301(a) of the Taft-Hartley Act, but there is even graver doubt that such uniquely personal suits as those for wrongful discharge are cognizable under § 301(a). This is because a common-law action for wrongful discharge is uniquely personal, even more so than the wage situation in the *Westinghouse* case; see 348 U.S. at page 457, 75 S.Ct. at page 499, of Mr. Justice Frankfurter's opinion. Such common-law rights of action for wrongful discharge can be heard in a State court. At various points in his opinion, Justice Frankfurter hints that the State court is the proper place for such actions:

> "The employees have always been able to enforce their individual rights in the state courts." 348 U.S. at page 460, 75 S.Ct. at page 500.

This uniquely personal common-law action for wrongful discharge can clearly be brought in the State courts, and, as *Westinghouse* indicates, Congress surely did not intend literally to swamp the Federal courts with such suits, not mentioned in § 301(a), and which the great weight of authority indicates was not even alluded to by implication in such section. In reaching this conclusion, this Court also considers that the procedural scope of § 301(a) as to who may bring this suit, the Union or the individual employee, is, for reasons of practicality, limited to the Union.

This case is indeed a clear example of the need for limiting suits to those between Unions and employers. Here the Union took the grievance of the plaintiff up to, but not including, the arbitration stage. The Union decided, after careful consideration, that the employer had been correct in its action and that the grievance should not be taken to arbitration. If § 301(a) were to allow the individual to then come into Federal Court, whenever he was disgruntled at the decision of the Union not to arbitrate, the flood of litigation would indeed be overwhelming.

Defendants in the alternative maintain that, even if procedural jurisdiction is

lacking under § 301(a), the Court would still have jurisdiction under either 28 U.S.C.A. § 1331 or § 1337. There is no substance to this contention, for the reason that this Court has just held that § 301(a) does not cover substantively this type of suit, as well as procedurally. Sec. 1331,[2] it is argued, gives original jurisdiction to Federal District Courts wherein the matter in controversy arises under the laws of the United States. Defendants contend that the word "laws" means judicially made law as well as acts of Congress. While there is some contrariety of opinion in this regard, cf. Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662, 667, and cases cited therein; Mr. Justice Brennan's separate opinion in Romero v. International Term. Co., 1959, 358 U.S. 354, at page 393, 79 S.Ct. 468, at page 491, 3 L.Ed.2d 368; and Jenkins v. Roderick, D.C.D.Mass.1957, 156 F. Supp. 299, in view of the fact that this Court here holds that § 301(a) does not deal substantively with this type of suit, this question is academic.

As to Sec. 1337,[3] here again defendants contend that this action arises under an act of Congress regulating commerce, and thus jurisdiction is present in this Court. The short answer to this is that this case does not arise under § 301(a) of the Taft-Hartley Act, both procedurally and substantively, for the reasons stated above.

It might be well to note also that if, as this Court has indicated, Congress has decided not to open the Federal Courts to such suits for practical reasons, under § 301(a), it would fly in the face of such Congressional intent to allow such suits to reach the Federal Courts by way of the back door.

Plaintiff's motion to remand to the State Court is granted. An order may be entered accordingly.

2. "§ 1331 (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

3. "§ 1337. The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."