In the Matter of the Arbitration of a Certain Dispute between CONSOLIDATED LAUNDRIES CORP., Petitioner,

v.

LeRoy J. CRAFT and Amalgamated Laundry Workers Joint Board, ACWA, Respondents.

United States District Court
S. D. New York.
July 18, 1960.

Jacob J. Rudner, New York City, for petitioner.

Butler, Fitzpatrick, DeSio & Keating, by Bernard H. Fitzpatrick, New York City, for respondent Craft.

Jacob Sheinkman, New York City, for respondent ALWJB.

EDELSTEIN, District Judge.

Respondent Craft was employed by petitioner, Consolidated Laundries Corp., as a routeman serving family laundry customers. Craft and Consolidated were parties to a restrictive covenant agreement originally executed between Craft and Knickerbocker Laundry and later assigned to Consolidated when it purchased the family laundry business of Knickerbocker in August 1959. The agreement provided that Craft would not, within a period of one year after the termination of his employment, serve or solicit the customers of the laundry and would not engage in the laundry or drycleaning business in the territory covered by his former route.

Both Consolidated and Knickerbocker were parties to identical collective bargaining agreements with the Amalgamated Laundry Workers Joint Board and the Amalgamated Clothing Workers of America, consummated December 1, 1957, and expiring December 1, 1962. Both collective bargaining agreements contain identical arbitration clauses [1] as well as identical clauses permitting the employer to enter into individual contracts with the employees.[2]

1. "The Arbitrator shall have jurisdiction to hear and determine: (1) complaints by routemen of discriminatory treatment by the Employer resulting in an impairment of the routemen's earnings; and (2) complaints by the Employer of breaches by routemen of the negative convenants of their individual agreements with the Employer. The arbitration procedure established in this Agreement shall be the exclusive means for the determination of any such disputes between the Employer and the routemen. Such individual agreements shall be deemed modified accordingly."

2. "All existing individual contracts between the employer and his routemen shall continue in full force and effect except as to such provisions thereof as are inconsistent with the specific provisions of this Agreement, which inconsistent provisions shall be deemed null and void. The Employer reserves the right to continue to require individual contracts with his present and future routemen or such other employees as come into contact with the trade of the Employer, containing the usual provisions and negative and restrictive covenants, subject, however, to the provisions hereof. The Union and the Employer agree not to countenance any violation of such contracts on the part of the routemen."

Craft left his employment with Consolidated on November 6, 1959. Subsequently, a notice of arbitration was issued upon the complaint of Consolidated that Craft was violating his restrictive covenant. Upon the hearing, respondent Craft questioned the jurisdiction of the Arbitrator. The Arbitrator held that he had jurisdiction and proceeded with the arbitration, in which Craft's attorneys participated with the understanding that the jurisdictional objections were not waived. There followed an adjournment, a removal petition in this court, and a motion for a stay, a dismissal of the removal petition and withdrawal of the motion for a stay, a motion for a stay of arbitration, (filed by Craft) in the New York Supreme Court, and finally a petition for removal to this court. The case is now before this court on the motion of Consolidated to remand the proceedings to the Supreme Court of New York and the motion of the Union to remand, to dismiss for lack of jurisdiction, and to drop the Union as a party to these proceedings.

I pass over any technical objections to removal on the ground that Craft is not a defendant permitted to remove under 28 U.S.C. §§ 1441, 1446, for they are not dispositive, and I reach the questions of federal jurisdiction raised by the parties.

### Jurisdiction under Section 301 of the Labor Management Relations Act

■ Respondent Craft has the burden of establishing this court's jurisdiction to hear and decide the case. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144; United Steelworkers of America, C. I. O. v. International Tel. & Tel. Corp., D.C.D. Minn., 133 F.Supp. 602, 605. He argues that this court has jurisdiction under Labor Management Relations Act, § 301, 61 Stat. 156, 29 U.S.C.A. § 185, and 28 U.S.C. § 1337. The relevant portion of § 301 is set out in the margin.[3]

■ In Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510, the Supreme Court held that a union cannot sue under § 301 in behalf of employees for accrued wages. Although no rationale of the result commanded a majority of the Court, the case has been taken to enunciate the doctrine that a union may not sue under § 301 to enforce the uniquely personal rights of its employee members. Local Lodge 2040, International Ass'n of Machinists, AFL-CIO, v. Servel, Inc., 7 Cir., 268 F. 2d 692 (pension, insurance and wage claims); Silverton v. Valley Transit Cement Co., 9 Cir., 249 F.2d 409 (wages); United Steelworkers of America v. Pullman-Standard Car Mfg. Co., 3 Cir., 241 F.2d 547 (pension payments). But where the claimed benefit runs to the union as an entity, jurisdiction under § 301 will lie. Council of Western Elec. Technical Employees-National v. Western Elec. Co., 2 Cir., 238 F.2d 892, 895; Local 205, United Electrical Radio and Mach. Workers, etc. v. General Elec. Co., 1 Cir., 233 F.2d 85, 100–101, affirmed 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028; United Const. Workers, etc. v. Electro Chemical Engraving Co., D.C.S.D.N.Y., 175 F.Supp. 54. The case of Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972 does not change this aspect of Westinghouse. There, it was held that Federal courts have jurisdiction under § 301 of suits by unions to compel arbitration pursuant to a collective bargaining agreement. The rights to arbitration stem from the collective contract and run directly to the union. Here, the alleged right of the employee to have his

3. "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

breach of the individual contract adjudicated by means other than arbitration is uniquely personal. It follows, therefore, that if the union is barred by § 301 from suing to enforce personal rights of employees, the individual employee is similarly barred.

The plain language of the statute testifies to its applicability only to suits and contracts between employers and unions. See Copra v. Suro, 1 Cir., 236 F.2d 107, 113. Section 301 confers no right on an individual to sue, Adams v. International Brotherhood of Boilermakers, 10 Cir., 262 F.2d 835; Holman v. Industrial Stamping & Mfg. Co., D.C.E.D.Mich., 142 F.Supp. 215; Disanti v. Local 53, etc., Federation of Glass, etc., Workers, D.C.W.D.Pa., 126 F.Supp. 747, or be sued. Morgan Drive Away, Inc. v. International Brotherhood of Teamsters, D.C. S.D.N.Y., 166 F.Supp. 885.

Even if it be assumed that an individual may invoke § 301, there is serious doubt whether a motion to stay an arbitration proceeding pursuant to a collective bargaining agreement is a suit for violation of that contract. In Wamsutta Mills v. Pollock, D.C.S.D.N.Y., 180 F. Supp. 826, 827, Judge Dimock held that a "proceeding to stay arbitration on the ground that the contract invoked does not require the parties to arbitrate the particular question presented is not a suit for a violation of that contract" under § 301. Similarly, Judge Murphy, in Hall v. Sperry Gyroscope Co., D.C.S.D.N.Y. 1960, 183 F.Supp. 891, found, *inter alia,* that a motion to stay arbitration on the ground that the grievance did not arise out of the collective bargaining agreement is not a suit for violation of the collective agreement. See also Mengel Co. v. Nashville Paper Products and Specialty Workers Union, 6 Cir., 221 F. 2d 644; International News Service v. Gereczy, D.C.S.D.N.Y., 160 F.Supp. 5, but see Ingraham Co. v. Local 260, Inter-

national Union of Electrical Radio and Mach. Workers, D.C.D.Conn., 171 F.Supp. 103, 106. Not only is there no violation of the contract between the union and employer alleged here, but respondent's motion for a stay is based upon his contention that the contract does not even apply to him.

Since uniquely personal rights are sought to be enforced, since an individual cannot avail himself of § 301, and since this motion to stay a pending arbitration is not a suit for violation of a contract, § 301 affords respondent no basis for federal jurisdiction.

### Jurisdiction under 28 U.S.C. § 1337

Respondent Craft contends that Federal jurisdiction exists under 28 U.S.C. § 1337.[4] He argues that the National Labor Relations Act is an Act of Congress regulating commerce and that a decision as to whether his dispute is arbitrable involves a construction of that Act. He contends that the issue of whether the Union may bind him to arbitration involves a determination of its power under the National Labor Relations Act.

Respondent's argument is scantly supported by authorities. To support the proposition that original jurisdiction exists in the federal courts where the claim of right arises under the NLRA, respondent cites Capital Service, Inc. v. N. L. R. B., 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887; American Federation of Labor v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873; Farmer v. United Electrical, Radio & Mach. Workers, 93 U.S.App.D.C. 178, 211 F.2d 36, certiorari denied 347 U.S. 943, 74 S.Ct. 638, 98 L.Ed. 1091; Food, Tobacco, Agricultural and Allied Workers, etc. v. Smiley, 3 Cir., 164 F.2d 922; Florida ex rel. Watson v. Bellman, 5 Cir., 149 F.2d 890; United Office and Professional Workers of America v. Smi-

---

4. Section 1337 provides: "The district courts shall have original jurisdiction of any civil action or proceeding arising un-

der any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

ley, D.C.M.D.Pa., 77 F.Supp. 659. These cases deal with situations where a state labor relations board, a state court or a state statute would thwart the broad purposes of the NLRA. The necessity and basis for the intervention of federal courts in the area of federal preemption does not exist here.

There is no doubt that the NLRA is an act regulating commerce. But this is not enough to sustain federal jurisdiction. The claim must be found to be one arising under such an act.

To come within § 1337, the basis of the action must concern the validity, construction or enforcement of a statute regulating commerce. Adams v. International Brotherhood of Boilermakers, 10 Cir., 262 F.2d 835. Craft claims that construction of § 9 of the NLRA is the basis of the action here. That section provides that the union selected by the majority of employees shall be the exclusive bargaining representative of all the employees. But the possible applicability of § 9 does not make it the basis of the action. "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." Gully v. First National Bank, 299 U.S. 109, 115, 57 S.Ct. 96, 99, 81 L.Ed. 70. The question raised by respondent concerning the union's authority under § 9 goes to the merits of his dispute and serves merely to cloud the jurisdictional issue. Moreover, his alleged grievance concerning § 9 is with the union and not with Consolidated. The real dispute here is with his employer over the breach of the individual employment contract. The arbitration provisions are mere procedural adjuncts to the enforcement of the rights of the parties to the employment contract. "The federal nature of the right to be established is decisive—not the source of the authority to establish it." People of Puerto Rico v. Russell & Co., 288 U.S. 476, 483, 53 S.Ct. 447, 450, 77 L.Ed. 903. The fact that a collective bargaining agreement is entered into between a union and an employer by taking advantage of the exclusive representation provisions of § 9 no more makes all questions concerning the administration of such an agreement federal questions than would the fact that a trust is drawn to take advantage of tax laws or established in such a way as to take advantage of § 302 of the Labor Management Relations Act. See Moses v. Ammond, D.C.S.D. N.Y., 162 F.Supp. 866, 871–872.

Respondent's claim that § 8 of the NLRA is involved is equally unsound. That section deals with unfair labor practices which are peculiarly within the ambit of the National Labor Relations Board. See San Diego Building Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775.

Since § 1337 makes it clear that federal jurisdiction depends on another federal statute, we must look to that statute, here the NLRA. Incidental allegations of jurisdiction under § 1337 must depend on § 301, the only relevant NLRA section creating private rights enforceable in the district courts. Cf. Textile Workers Union of America, C. I. O. v. Bates Mfg. Co., D.C.D.Me., 158 F.Supp. 410, 413; Zaleski v. Local 401 of United Electrical, Radio & Mach. Workers, D.C. D.N.J., 91 F.Supp. 552. Section 301 has been discussed supra and found wanting as a jurisdictional basis in this case.

Based on either of the alternate grounds it is clear that there is no jurisdiction in the federal courts to hear this case. To hold otherwise would permit a litigant to gain access to the federal courts anytime the construction of a federal statute is incidentally involved. Moreover, it would lead to a plethora of suits over what are essentially *pro forma* arbitration clauses of the type here involved, and would seriously impair the sound administration of labor contracts. The motions to remand are granted, with costs to the moving parties. Settle order on notice.