**Florence PRIN, Individually, and on Behalf of all Other Members of Local 2067 United Steel Workers of America, AFL-CIO, Similarly Situated, Plaintiffs,**

v.

**Joseph DE LUCA, as President, and Jennie Parsons, as Treasurer of Local 2067 United Steelworkers of America, AFL-CIO, Defendants.**

No. 61–C–98.

United States District Court
E. D. New York.

May 29, 1961.

David T. Berman, Brooklyn, N. Y., for plaintiffs.

Steinberg, Clyne & Jaffe, New York City, Rothbard, Harris & Oxfeld, Newark, N. J., Samuel L. Rothbard, Abraham L. Friedman, Newark, N. J., of counsel, for defendants.

BARTELS, District Judge.

Motion by defendants to dismiss the complaint herein for failure to state a claim upon which relief can be granted and for failure to join an indispensable party (pursuant to Rules 12(b) (3) and 12(b) (7), Fed.Rules Civ.Proc., 28 U.S. C.A., respectively).

An examination of the complaint reveals that the action is one instituted by certain members of a labor union against the president and treasurer of the union, based upon alleged discrimination in "allocation of available jobs to the detriment of senior female union member-employees". It was commenced in the Supreme Court of the State of New York, County of Kings, and removed to this Court by the defendants, alleging Federal jurisdiction upon "29 U.S.C. Sections 151 to 168 inclusive, and the Act of June 23, 1947, c. 120, 61 Stat. 136, 29 U.S.C. Section 141 et seq., especially Section 185 * * *". These statutory references are to the National Labor Relations Act as amended. There is no diversity of citizenship.

Section 185 of Title 29 U.S.C.A. provides:

"Suits for violation of contracts between an employer and a labor organization representing employees * * * or between any such labor

organizations, may be brought in any district court of the United States * * * ".

The wording of the section is clear. It has been repeatedly held that this Court has no jurisdiction under this section to entertain a suit by an individual union member or members. Allen v. Armored Car Chauffeurs and Guards, D.C.N.J. 1960, 185 F.Supp. 492; Disanti v. Local 53, D.C.Pa.1954, 126 F.Supp. 747; Dimeco v. Fisher, D.C.N.J.1960, 185 F. Supp. 213. The recent enactment of 29 U.S.C.A. § 412 does not change this result, since it deals only with violations of the "Bill of Rights" provisions of the Landrum-Griffin Act. Allen v. Armored Car Chauffeurs and Guards, supra.

This Court having no jurisdiction, the action must be remanded to the Supreme Court of the State of New York. Settle order within ten days on two days' notice.