**James LUCAS, Plaintiff,**

**v.**

**Ted KENNY, President, District Council of Carpenters, and John Lucas and Thomas Rust, Business Agent and Financial Secretary, Respectively, of Local 1693, Millwrights Machinery and Erectors Union, Defendants.**

**No. 63 C 506.**

United States District Court
N. D. Illinois, E. D.
Aug. 9, 1963.

Phillip R. Davis, Chicago, Ill., for plaintiff.

Hugh J. McCarthy, John J. Enright, Chicago, Ill., for defendant Ted Kenny.

William T. Kirby, Chicago, Ill., for defendants John Lucas and Thomas Rust.

WILL, District Judge.

Plaintiff James Lucas brings this action against defendants Kenny, John Lucas, and Rust as individuals and against Kenny in his capacity as President of the District Council of Carpenters and against Lucas and Rust as Business Manager and Financial Secretary, respectively, of Local 1693, Millwrights Machinery and Erectors Union, seeking to recover the sum of $12,288.48, an amount alleged to be due to him as a result of defendants' failure to assign jobs to plaintiff in 1961, 1962 and 1963. Plaintiff alleges that defendants had an obligation to secure work for him and that work was obtained for out-of-state workers despite the availability of unemployed local members, including plaintiff, in violation of the rules and regulations of the union. The defendants move to dismiss the complaint, arguing, among other theories which need not be considered here, that this Court lacks jurisdiction in this matter.

Plaintiff asserts that jurisdiction lies in this court under Section 102 of Title 1 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 412. This section establishes the Federal District Court as the proper forum for "any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter." The rights referred to are specifically stated in what is known as the Bill of Rights section of the Act, Section 411: to vote in elections, to nominate candidates, to participate in deliberation of issues, freedom of speech and assembly, to participate in the determination of dues, initiation fees and assessments, to due process in actions resulting in fine, suspension, expulsion, or other discipline, and to receive copies of the collective

bargaining agreement. Thus, the Bill of Rights guarantees to union members certain basic rights relating to the internal affairs of the union. Tomko v. Hilbert, 288 F.2d 625 (3 Cir. 1961).

The complaint herein charges the defendants with violating their obligation to secure and assign work to the plaintiff, a subject unrelated to the guarantees provided in the Bill of Rights and the areas of union democracy with which it is concerned. Instead, the acts complained of allege a failure on the part of the union and its officers to live up to promises made in the collective bargaining agreement.

In Allen v. Armored Car Chauffeurs Union etc., 185 F.Supp. 492 (D.C.N.J. 1960), a union member brought an action against his employer and the union under the Bill of Rights section for, *inter alia*, the union's failure to prosecute a grievance. As in the instant case, the union moved to dismiss for lack of jurisdiction, contending that the Bill of Rights section applies only to questions relating to the internal political and civil rights which exist between the union and its members. The court granted the motion, stating, 185 F.Supp. at page 494, "Nowhere in Title 1 is there any mention whatever of a collective bargaining agreement, or of a Union member's derivative rights thereunder, save in Section 104. Section 104 merely gives the Union member the right to receive from his Union a copy of the collective bargaining agreement, and in nowise gives the member the right to sue the Union to carry out the agreement."

A complaint challenged by a motion to dismiss must be viewed in a manner most favorable to the plaintiff. As in the Allen case, supra, the best possible interpretation which can be given to the complaint in this action is that the allegations are sufficient to establish a cause of action under Section 101(a) (5) of the Act, which protects members against "improper disciplinary action." The court in Allen, ruling that the complaint failed even when viewed from this posture, said, 185 F.Supp. at pages 494–495, "The disciplinary action of which this Court is given jurisdiction, as noted above, is not discharge from employment, but the discipline of a member by the Union as to his membership." Again, in the instant case, the union's actions do not relate to the union-member relationship and are therefore not reviewable under the jurisdiction of this Court, limited as it is to cases arising under the Bill of Rights section.

Failing to come under the Act, the case is one of contract law based on the collective bargaining agreement and, diversity of citizenship not being claimed, the action falls outside the jurisdiction of this Court. Accordingly, the defendants' motion to dismiss must be granted. The complaint is dismissed.

An order consistent with the above will be entered.